WALSH *vs*. COLQUITT, governor.

Where suit was brought on a bond against a principal and two sureties, and a demurrer to the declaration was filed by one of the sureties, which was overruled, and an amendment offered by plaintiff allowed, this was not such a final adjudication as could be brought to this court by bill of exceptions.. The proper remedy would have been by exceptions *pendente lite*.

Practice in the Supreme Court.    February Term, 1879.

Reported in the decision.

BARNES & CUMMING; MYNATT & HOWELL; J. L. BROWN, for plaintiff in error.

R. N. ELY, attorney general; Z. D. HARRISON; HOPKINS & GLENN, for defendant, cited (on motion to dismiss) Code, §§4250, 4254; 47 *Ga.*, 676; 58 *Ib.*, 460; Code, §4288; 8 *Ga.*, 317.

WARNER, Chief Justice.

The plaintiff sued the defendants and declared against them as follows: " The petition of Alfred H. Colquitt, who is governor of Georgia, and sues as such for himself and successors in office, for said state, showeth that Robert

A. Alston, as principal, of DeKalb county, Georgia, and Patrick Walsh, of Richmond county, Georgia, and George W. Adair, of Fulton county, Georgia, as his sureties, owe to and unjustly detain from, said state the sum of $5,000.00. For that, whereas, the said Alston had been elected to the office of public printer of said state, and, pursuant to the statute in such cases provided, he, the said Alston, as principal, and said Walsh and Adair, as his sureties, at Atlanta, in said state, on the 30th day of January, 1875 made and entered into a certain writing called a bond, to which they respectively signed their names and affixed their seals (which said bond is here to the court shown), by which they bound themselves, their heirs, executors and administrators, jointly and severally, as follows :

'STATE OF GEORGIA—FULTON COUNTY :

'Know all men by these presents, that we, Robert A. Alston, as principal, and Patrick Walsh and George W. Adair, securities, are held and are firmly bound unto his Excellency, James M. Smith, governor of said state, and unto his successors in office, in the just and full sum of $10,000.00, for the full payment of which we bind our heirs, administrators and executors by these presents, signed with our hands and sealed with our seals this 30th day of January, 1875. Now, the condition of the above obligation is such, that whereas the said Alston was, on the 22d day of January, 1875, elected state printer by the general .assembly of Georgia, to hold said office for and during the term prescribed by law: If the said Alston shall well and faithfully do and perform all and singular the duties prescribed by the laws of Georgia appertaining to said office of state printer for and during the term for which he has been elected, then this bond or obligation to be void; otherwise, of full force and effect.

' [Signed]                 R. A. ALSTON,
                               PATRICK WALSH,
                               G. W. ADAIR.

'Signed, sealed and delivered in presence of   ·   W. B. PERRY.
'Approved January 30, 1875.         JAMES M. SMITH, governor.'

" Which said bond said defendants then and there delivered to said James M. Smith, then governor of said state, and was by him in said official capacity approved and filed in the executive office of said state as required by law. Said Alston then and there, upon the delivery of said bond,

became the public printer of said state, but was not, under the law, required to enter upon the discharge of the duties thereof until the first day of the session of the general assembly of 1876, at which time it became his duty to print the laws, journals, and such bills, reports and other documents and papers as might be ordered to be printed during his term of office.

"To enable the said Alston to carry out his contract with the state, as such public printer, the general assembly of 1876 passed the following resolution :

'*Resolved,* That the treasurer be, and he is hereby, authorized to advance to the public printer the sum of $5,000.00 in part payment of the public printing for the present session of the general assembly.'

"In pursuance of which said resolution, the said Alston afterwards (to wit, on the 19th day of January, 1876,) received from the treasurer of said state, of the funds appropriated by law to the printing fund, the sum of $5,000.00, to be expended by him as said public printer in doing such printing as is required by law for said session of the general assembly.   Yet, the said Alston has not, during his continuance in office, faithfully executed and performed the duties of his said office, as required of him by law, but has broken said bond and forfeited the same, in this, to-wit :

"First. He has appropriated the said sum of $5,000.00 so advanced him, of moneys belonging to the public funds of said state, to his own individual and private purposes, in violation of his contract and the law.

"Second. He failed and refused, during his continuance in office as such public printer, to do the printing required by law of the general assembly of the year 1876.

"Third. He has failed and refused to account to the proper authorities of said state for said sum of $5,000.00, or any part thereof, and has not rendered an account, on oath, of any public printing done by him, with the cost thereof, as required by law.

"By reason of which the said state has sustained damage to a large amount, to-wit : the amount of $10,000.00.   By

reason of which said breaches the said writing obligatory became forfeited, and, according to the statute for such cases made, an action hath accrued to said state to have and demand of said defendants the amount last above stated. Yet the said defendants, although often requested so to do, have not as yet paid said sum of money above demanded, or any part thereof, to said plaintiff, or otherwise, according to said writing obligatory and conditioned ; but, to pay the same, have hitherto wholly refused, and still do refuse, to the damage of said state, as aforesaid. Wherefore process is prayed, etc., etc."

This declaration was filed at the September term, 1877, of DeKalb superior court, and duly served on defendants.

At said September term, 1877, Walsh filed a demurrer to said declaration, alleging that the following allegations in said declaration are not sufficient in law for said plaintiff to have his action against said defendant. Allegations as follows, to-wit :

"First. He has appropriated said sum of $5,000.00 so allowed him, of moneys belonging to the public funds of said state, to his own individual and private purposes, in violation of his contract and the law.

"Third. He has failed and refused to account to the proper authorities of said state for said sum of $5,000.00, or any part thereof."

And alleging, further, as follows : "That he, Walsh, is not bound by law to answer said allegations or counts, and this he is ready to verify. Wherefore said Walsh prays judgment, and that plaintiff be debarred from bringing or maintaining his aforesaid action on said allegations or counts.

"And defendant further says, that said declaration shows that the liability of this defendant, if any, was that of surety for the default of said Alston in his office of public printer, and that the cause of action set forth in said declaration, is not a breach of the duty of said Alston as public printer, but the failure of said Alston to account for a loan of

$5,000.00, made to him by plaintiff on the 19th of January, 1876. Wherefore said defendant prays judgment, and that plaintiff be debarred from having or maintaining said action."

The following amendment to said declaration was, at the September Term, 1878, of said court, offered by the plaintiff:

"Petitioner further showeth that, by reason of the breaches above set forth in the bond of said defendant as public printer, and by force of the statute in such cases made and provided, your petitioner is entitled to recover from said defendant, Alston, and his said sureties, the further sum of $3,000.00 as liquidated damages for the failure of said Alston to comply with the conditions mentioned in said bond."

Defendants objected to said amendment as adding a new cause of action, and said objection, and said demurrer being argued, the court passed the following order allowing said amendment and overruling said demurrer:

"Counsel for the state having proposed to amend said declaration, and counsel for defendants objecting to the same on the ground that said amendment sets forth a new cause of action, it is ordered by the court that said amendment be allowed, and it is further ordered that the demurrer filed in this cause be overruled."

Whereupon Walsh excepted, and assigns as error—the overruling of said demurrer, and the allowing of said amendment.

When the case was called for a hearing here, a motion was made to dismiss it, on the ground that it was prematurely brought, according to the provisions of the 4250th section of the Code. The plaintiff sued the defendants *jointly* as it had the legal right to do, and to proceed against them *jointly* to a final judgment, notwithstanding the defendants might file separate defenses. The demurrer of the defendant Walsh, was a general demurrer to the whole declaration, as well as a special demurrer to certain specified portions thereof. The decision of the court was not a final disposition of the plaintiff's cause against the defendants

who were sued jointly, the plaintiff having the legal right to proceed against them to a final judgment, and, therefore, the defendant Walsh, so far as his separate defense by demurrer was concerned, should have filed his exceptions to the decision of the court thereon *pendente lite,* and had the same certified and entered of record in the cause. When a demurrer is sustained to a *plaintiff's* right to maintain his suit in court, as in the case of *Sutherlin vs. The Underwriter's Agency,* 53 *Ga.,* 442, that is, so far, a final disposition of the cause, and may be brought to this court by writ of error. In view of the facts of this case as disclosed in the record, the writ of error is dismissed as having been prematurely brought, with leave to the defendant, Walsh, to file his bill of exceptions *pendente lite,* and have the same certified and entered of record in the cause as provided by the 4250th section of the Code.

Writ of error dismissed.