## DOWNING *vs.* THE STATE OF GEORGIA.

1. An accusation in the city court of Atlanta, for keeping and selling kerosene oil below test, which is in substantial compliance with the statute under which it is drawn, is not demurrable because it does not conclude with the allegation that the acts charged are *contra formam statuti*, nor because it is not alleged that the defendant intended to do such acts.

2. Every sale of kerosene oil below test is a distinct offense, and conviction for a sale to one person is no bar to a prosecution for a subsequent sale to a different person.

3. The charge being the sale of oil below test, it is no objection to a witness, otherwise competent to testify concerning such fact, that he is not the inspector authorized by law.

4. In a prosecution for selling kerosene below the test prescribed by law, it is not an element of the state's case to prove that the defendant intended to commit the offense. When the illegal sale has been proved, the illegal intent will be presumed, and anything in rebuttal thereof is proper matter for the defense.

*a*). Where the law prohibits the sale of oil below a certain test, and provides a plain and simple mode of making such test and determining the salableness of the oil, ignorance is no excuse for a dealer who sells oil below the prescribed test.

5. The accusation containing two counts—one for selling, the other for keeping kerosene below test—and the court, for the benefit of the prisoner, having withdrawn from the jury the second count, it will not necessitate a new trial that in so doing he remarked that "there was no evidence of defendant's keeping the oil unless it might be inferred from the fact that such kerosene had been sold by defendant.

6. The verdict is not contrary to law or the evidence.

Criminal law. Indictment. Jurors. Constitutional law. Witness. Evidence. Charge of Court. New Trial. Before Judge CLARK. City Court of Atlanta. June Term, 1880.

To the report contained in the decision it is only necessary to add, that the court allowed Neal, a witness for the state, to testify, over objection of defendant's counsel, that he tested the oil sold by the defendant (detailing the manner of his testing) and the result,

GEO. T. FRY; M. J. CLARKE, for plaintiff error.

W. D. ELLIS, solicitor of city court, by J. T. PEN-DLETON; ARNOLD & ARNOLD, for the state.

SPEER, Justice.

Harvey B. Downing was tried in the city court of Atlanta for a "misdemeanor."

The charge was presented in the form of "an accusation" made by John C. Neal, alleging and charging "the defendant, on the 31st January, 1880, with unlawfully selling, and offering to sell, to Daniel & Marsh, in said county, kerosene oil, of a fire-test less than one hundred and ten degrees Fahrenheit; and further charged the defendant, on the 31st day of January, 1880, that he unlawfully did sell, and keep for sale and in storage, kerosene oil without having the same inspected and approved by an authorized inspector, contrary to law."

To this indictment defendant demurred—pleaded "*autre fois acquit*," and not guilty.

The demurrer was overruled by the court—the plea of *autre fois acquit* was stricken on demurrer, and the trial proceeded on the plea of not guilty.

In impaneling the jury, defendant demanded a jury of twelve men to be selected as by law prescribed for the trial of misdemeanors in the superior court—which demand was refused by the court. On the trial being had, defendant was found guilty. Whereupon he moved for a new trial on various grounds of alleged error as set forth in the record, which motion was overruled, and defendant excepted.

(1.) The first ground of the motion was error in the court in not sustaining the demurrer to the accusation—for that neither count concluded "*contra formam statuti*," and that neither count "alleged that defendant *intended* to do the act, or was guilty of criminal negligence."

(2.) Because the court overruled the plea of *autre fois acquit.*

(3.) Because the court compelled defendant to strike from a panel of twelve jurors—and would not allow the defendant a jury of twelve men to try said cause.

(4.) Because the court allowed the testimony of John C. Neal, over defendant's objection, to prove the sale of said oil—he not being " an authorized inspector."

(5.) Because the court refused to charge the jury, as requested by defendant in writing: "That, before you can find defendant guilty, you must believe he did the act, and that he *intended* to do it, or was criminally negligent in doing the act. But if you believe defendant made the sale as charged, and in so doing he honestly acted under a mistake as to the fact that the kerosene was under the test, then you cannot find him guilty."

(6.) Because the court refused to charge as requested by defendant : " If the barrel of oil sold was branded by the inspector, the presumption is the brand was properly put there, and in law this brand would be a conclusion of law that the oil was of the lawful standard of 110 degrees, and defendant would not be guilty if it was below that standard—unless he knew, notwithstanding said brand, it was under 110 degrees."

(7.) Because the court refused to charge: "That if defendant sold to Daniel & Marsh oil under the test of 110 degrees, and at the time he fairly and honestly believed the oil to be up to the test of 110 degrees, and knew not to the contrary, and did not intend to sell an unlawful oil, then he would not be guilty."

(8.) Because the court erred in refusing to charge as requested by defendant as follows : " In a criminal case the burden of showing defendant's guilt is upon the state, and the state must show that defendant *intended to do the act*, and if it fails in that, beyond a reasonable doubt, you must acquit—that the state must show the *intent* with which the oil was sold as well as every other material fact

in the accusation—and that he *intended* to sell the oil under 110 degrees Fahrenheit."

(9.) Because verdict is contrary to evidence.

(10.) Because verdict is decidedly and strongly against weight of evidence.

(11.) Because the court erred in charging the jury "that the jury need not consider the second count in the accusation, because there is no proof to sustain a conviction under it except as the keeping of kerosene of this description might be inferred from the fact that such kerosene had been sold by the defendant. Therefore, as this defendant, although he might be convicted on both counts, would only suffer one punishment, it becomes of no practical importance to consider the second count"—said charge being a strong intimation by the court of an opinion that the offense of selling oil under 110 degrees existed, and that a conviction for that would be sustained.

(12) Because the court erred in charging: "That if the evidence showed defendant sold to Daniel & Marsh a barrel of kerosene oil, and that it was put to a test prescribed by law, or one substantially the same, and by that test the oil was of less degree fire-test than 110 degrees Fahrenheit, and you believe the test was true and correct, then the law implies the guilty intent, and the burden is on defendant to show that the act was done under such circumstances as to rebut this implication of intent raised by the law from the acts proven. If you believe this implication is rebutted by the evidence you should find defendant not guilty, but if not so rebutted, and you further believe a case of guilt is made out beyond a reasonable doubt, then you should find him guilty."

. The Code of Georgia makes it a penal offense for anyone " to sell," offer to sell, or give away kerosene oil of a fire-test less than one hundred and ten degrees Fahrenheit.

How to make the test and determine the safety of the

oil is prescribed by the statute. No other illuminating oils are allowed to be sold which ignite at a temperature less than 110 under a penalty.

Further, the sale of uninspected oils is forbidden; neither is one allowed "to keep for sale" these oils unless they are inspected under like penalties. These provisions of our Code manifest the care and anxiety of the legislature to guard the people from the dangers incident to so universal a use of this article unless it is prepared by the standard prescribed.

For violating one of the foregoing provisions plaintiff in error has been convicted, and to review the alleged errors of said trial this case is here.

(1.) We find no error in overruling the demurrer to the accusation upon which he was arraigned ; it contains in substance all that the statute prescribes.

(2.) In looking into the plea of "*autre fois acquit*" filed, and the record evidence of the former trial attached to the same in support of the plea, it is evident that the offense charged in this accusation is a distinct and different offense to the one set forth in the plea. The sale of the oil of a test less than 110 Fahrenheit in this accusation is alleged to have been made on a different day and to a different person to the one charged in the former accusation. In our construction of the statute *every sale* made of this oil below the legal test required, would be a separate offense for which the person would be amenable.

(3.) The demand made by the defendant for a jury of twelve men to pass upon his guilt, we think was substantially settled by this court in the case of *Kneeland et al. vs. State*, 62 *Ga.*, 385, and likewise has been ruled upon at this term in the case between this plaintiff in error and the state.

4. We do not see any error in admitting the testimony of John C. Neal to prove the sale of the oil by defendant, nor any reason to exclude it because he was not an authorized "inspector."

(5.) Neither do we think the court erred in refusing to give in charge to the jury the written requests made by counsel for plaintiff in error as set forth in fifth, sixth, seventh and eighth grounds of the motion for a new trial. We do not believe under this accusation charging one with a violation of this provision of our Code, that the state must show, not only the accused did the act but also that he *intended* to do it, or was criminally negligent in doing the act. Nor could we believe he should have charged the defendant was guiltless if he honestly acted under a mistake, as to the fact, that the kerosene was under the test, unless there was some evidence at least upon which to predicate such a charge.

The statute makes it a penal offence " to sell or offer to sell" any of these oils under the test of 110 degrees Fahrenheit. It prescribes in the simplest terms " a formula " for testing these oils, so that those who deal *may know* for themselves whether the oil they offer comes up to the test. In addition to this it supplies inspectors " to test and brand these oils." He then who sells in disregard of all these precautions and without assuring himself, (which the law makes it his duty to do), that the oil he sells or offers to sell is up to the legal standard—he must bear the consequences of his own negligence or cupidity if he violates the statute. He cannot plead either the negligence of others or his own want of knowledge, as a justification for the omission of a duty the law plainly imposes. The law in emphatic terms prohibits the sale of oil below the test by any one—whether knowingly or ignorantly. If he sells, or offers to do so, he does so subject to its penalties if he violates it. To hold otherwise would be to destroy the safeguards the legislature have sought to provide in this wisely considered statute against the loss of both life and property.

We freely concur with the court below in the charge he gave to the jury on this branch of the case, " that if the evidence showed defendant sold to Daniel & Marsh a bar-

rel of oil of less degree fire-test than 110 Fahrenheit, then the law *implies the guilty intent*, and the burden is on the defendant to show that the act was done under such circumstances as to rebut this implication of guilty intent raised by the law." We present this view of the law of the case as meeting our approval, and as showing also that none of the requests to charge asked by defendant's counsel are in accord with it on this particular branch of the defense.

(6.) The eleventh ground of the motion for a new trial, being a complaint of the charge of the court, we cannot hold is entirely faultless. There is, *seemingly*, an inference uttered by the court indicating his opinion that kerosene oil had been sold by the defendant—and yet it is only an *inference*, and we are not prepared to say it is in violation of the rule on this subject. The court is instructing the jury not to consider the second count, as there was no evidence to sustain it (the second count was for keeping the oil) "unless the keeping might be inferred from the fact that such kerosene had been sold by the defendant." The court does not say in terms the oil had been sold by defendant, but said "there was no evidence of defendant's keeping the oil unless it might be inferred (that is by the jury) from the fact that such kerosene had been sold by the defendant." This may be construed that the court intended to leave to the jury the fact whether defendant had sold the oil, and if they so found, then the inference might be he also kept it—but he seemed to think a conviction on such an inference was hardly proper and hence withdrew this count from their consideration, and which withdrawal was for the benefit of defendant.

(6.) As to the grounds that the verdict is "contrary to evidence, weight of evidence, and law, we see no reason to disturb the verdict for these causes.

Let the judgment of the court below be affirmed.