9798.  CARSWELL *v.* GREEN.

There is no evidence to support the finding and judgment in favor of the
   plaintiff, and the court erred in overruling the motion for a new trial.
                         DECIDED FEBRUARY 11, 1919.

   Complaint; from city court of Macon—Judge Guerry.  April 25,
1918.

   *J. M. Hancock,* for plaintiff in error.  *S. W. Hatcher,* contra.

   BLOODWORTH, J.  Trammell was indebted to the defendant, Cars-
well, for supplies, and to the plaintiff, Green, for rent, and the
plaintiff's petition alleged that Carswell purchased from Trammell
produce raised on the plaintiff's land, to wit, fodder worth $11.75,

hay $3.50, one bale of cotton worth $69 and one bale worth $61, cottonseed $11; total $156.25; and that Carswell knew at the time of purchasing that the rent had not been paid, that Trammell had no other property, and that the only way the plaintiff had of collecting his rent was by enforcing his lien as landlord against the property purchased, which was removed beyond his reach by the defendant and converted to the defendant's own use. The defendant's plea denied every allegation of the petition. The judge passed upon the case without the intervention of a jury, and rendered a finding and judgment for the plaintiff for $90. A motion for a new trial was overruled, and the movant excepted. The record does not show that a demurrer to the petition was filed. The special grounds of the motion for a new trial were but amplifications of the general grounds; so we have for determination the one question of whether the judgment should be reversed on the general grounds.

There is no evidence to show that the "property was removed out of the reach of petitioner by defendant," except it be some of the fodder, nor is there any evidence to show that the defendant ever bought from the plaintiff's tenant any of the produce named above, except some of the fodder ($3 worth), the whole of which is alleged in the petition to be worth $11.75, and yet $90 is the amount of the finding and judgment. The greatest amount shown by the testimony to have been received by the defendant from Trammell was $97.50, and this was in cash and not in the value of produce purchased. Deducting from this sum $32.50, which the undisputed evidence shows was paid to Carswell from the sale of a cow, it appears that the total cash received by Carswell from the tenant was $65, which might have been the proceeds from produce sold to others. However, as stated above, the evidence fails to show that this amount resulted from produce sold by Trammell to Carswell. Even granting that all this came from the sale of produce raised on the plaintiff's farm, and that all of it was purchased by Carswell from Trammell (which is not true, according to the evidence in the record), and adding thereto the alleged value of the fodder, $11.75, the total amount would be only $76.75. The record clearly shows that there is no proof to support the finding and judgment, and the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, P. J., and Stephens, J., concur.*