43181, 43208. MARZETTA v. STEINMAN et al.; and vice versa.

PANNELL, Judge. 1. The petition alleged the death of the plaintiff's wife, in the hallway of the apartment building in which they resided, as a result of carbon monoxide poisoning caused by a fire in the apartment building and the effects therefrom resulting from the negligence of the apartment house owner and a tenant on the same floor, the owner and tenant being named as defendants. The age of the wife at her death was alleged; that she and petitioner had been married for over 17 years during which time she was a dutiful and loving wife, was a good home maker and constant companion and constant support and strength to the husband; that she also worked in order to contribute to the income of the family unit and cur-

rently earned $3,000 per year; that prior to her death, she was active, healthy, and outgoing, and engaged in sports and accompanied petitioner on vacations, on festive and recreational outings, and in general made a very happy life for petitioner; that she was capable of earning considerably greater earnings but preferred spending most of her time for her family and home life; that the loss to the petitioner of his wife is incalculable and cannot be measured in mere terms of earnings by her, but on the contrary represents the taking away from petitioner of that which he held dear and important to him in life. He alleged damages "on account of the death and loss of his wife" in the sum of $500,000 and damages for the purchase of a cemetery lot and burial expenses. He also prayed for exemplary damages. Properly construed, the petition is one seeking to recover for the wrongful death of the wife, a statutory cause of action, and, therefore, amendments filed to this petition further elaborating on this claim did not change the cause of action from one for loss of consortium, which is a common law action, to one for wrongful death, as was contended by appellant in objecting to the amendments. The suit as originally filed is clearly not for loss of consortium, as damages for such loss are because of injury to the spouse and exist only during the joint lives of the husband and wife. See *Walden v. Coleman*, 105 Ga. App. 242 (2) (124 SE2d 313). Here there is no allegation of the survival of the wife or loss of consortium during a period of survival. The original petition clearly sought damages under the statute. *Code* § 105-1306, as amended. There was no error in allowing the amendments.

2. A demurrer filed to Subparagraph 4 of Paragraph 71 of the original petition was sustained. Thereafter, an almost identical allegation was set forth in a redrafted petition as Subparagraph 5 of Paragraph 78. The original demurrer as to Subparagraph 4 of Paragraph 71 was by specific reference renewed to the new numbered paragraph and the new numbered paragraph additionally demurred to in a single paragraph of the demurrer. This paragraph of the demurrer was overruled. The petition was again rewritten (by order of court to eliminate language to which demurrers had been sustained) and the identical language of Subparagraph 5 of Paragraph 78 was then contained in Subparagraph 3 of Paragraph 74 of the petition. Demurrers were interposed to the petition

as last rewritten or redrafted but Subparagraph 3 of Paragraph 74 was neither demurred to nor objected to. Accordingly, in the absence of an objection or demurrer directed thereto, an enumeration of error on the grounds that the court erred in allowing to remain in the pleadings the allegations of Subparagraph 3 of Paragraph 74 is without merit. Nor did the court err in sustaining the renewed demurrer to Subparagraph 5 of Paragraph 78 upon the sole ground that this ruling was error because the first ruling sustaining the demurrer became the law of the case. This is so for the reason that the renewal of the demurrer to substantially the same language in the first rewritten petition waived the law of the case. See *Perkins v. First Nat. Bank*, 221 Ga. 82, 93 (7) (143 SE2d 474).

3. The petition, amendments, and demurrers and orders of the court comprise approximately 170 pages of record. We have carefully examined the original petition and all amendments and have reached the conclusion that the petition as amended was amply sufficient to withstand the general demurrer interposed thereto by the appellant. We must hold, therefore, that the trial court did not err in overruling it.

4. Enumerations of error not herein dealt with or disposed of by our ruling, while they have been stated in the statement of facts in the brief, have not been argued in the brief and authority has not been cited thereon. Under these circumtances, they will be treated as abandoned. Rule 17 (c) (2) of the Court of Appeals, effective August 1, 1965 (111 Ga. App. 891).

5. On motion for rehearing by the cross appellant, the judgment dismissing the cross appeal, based upon affirmance of the main appeal, is vacated for the reason that the case remains to be tried in a court below and the main appeal and the cross appeal deal solely with questions relating to the pleadings. See *Reed v. Reed*, 202 Ga. 508 (2) (43 SE2d 539).

The motion for rehearing only insists on five enumerations of error relating to the sustaining of demurrers to those paragraphs of the petition pleading Section 24.25 of the Fire Prevention Code of the City of Atlanta, which became effective December 17, 1962, and Section XI providing penalties for violations, and to those paragraphs of the petition pleading Section 21 of Regulation XXV, Part V of the Georgia Safety Fire Regulations and also to those allegations of negligence per se based thereon. So far as here material the ordinance and regulation, which are substantially the same, provide that

"Any person smoking or attempting to light or smoke a cigarette, cigar, pipe or tobacco in any form for which lighters, matches, flammable liquids or chemicals are used, who sets fire to any bedding, furniture, curtains, drapes, house or household furnishings shall be subject to the penalties" as provided.

Cross appellant contends that these demurrers were filed too late and it was error to sustain them for that reason.

(a) Assuming, without deciding, that these demurrers were special demurrers rather than general demurrers to a particular paragraph (see *Douglas, Augusta & Gulf R. Co. v. Swindle,* 2 Ga. App. 550 (3) (59 SE 600)), it does not appear that any objection was made to the late filing of these demurrers when a hearing was had thereon. Under these circumstances, such late filing will be considered as having been waived by the cross appellant. See in this connection, *Mayo v. Owens,* 207 Ga. 641 (63 SE2d 649).

(b) The demurrers attacked the ordinance and the regulation (and the allegations of negligence per se based thereon) on the grounds that the ordinance and regulation are violative of the XIVth amendment of the Constitution of the United States, and Art. I, Sec. I, Par. III of the Constitution of the State of Georgia in that said regulation and said ordinance respectively are "too indefinite to be the basis of valid and legal criminal action, as it fails to provide for proof of intent."

"Every crime consists in the union or joint operation of act and intention. Sometimes the intention can be proved, sometimes it can only be inferred or presumed; and the general rule laid down by our court is, that the intention will be manifested by the circumstances connected with perpetration of the offense." *Patterson v. State,* 1 Ga. App. 782, 784 (58 SE 284); *Code* §§ 26-201, 26-202. And the legislature may do away with the principle contained in *Code* § 26-201. *Loeb v. State,* 75 Ga. 258, 263. There is a presumption that every criminal act is criminally intended, though such presumption is rebuttable. *Lawrence v. State,* 68 Ga. 289; *Patterson v. State,* 1 Ga. App. 782, 784, supra. Scienter is not an indispensable element of every crime. *Ware v. State,* 6 Ga. App. 578, 580 (65 SE 33). The offense in the ordinance and the regulation here involved is malum prohibitum rather than malum in se; accordingly, intent may be presumed from the commission of the act prohibited. Whether or not the ordinance and regulation may be defective for other reasons, neither of them is

defective for the failure to make *proof* of intent a necessary ingredient of the offense. The trial court erred in sustaining the demurrers complained of and the judgment on the cross appeal must be reversed.

*Judgment affirmed on main appeal; reversed on cross appeal. Bell, P. J., and Whitman, J., concur.*

ARGUED NOVEMBER 8, 1967—DECIDED MARCH 26, 1968.

*Haas, Dunaway, Shelfer & Haas, John A. Dunaway,* for appellant.

*Joseph L. Abraham, Israel Katz, Long, Weinberg & Ansley, John K. Dunlap,* for appellees.