### 46918.   WILLIAMS v. THE STATE.

PANNELL, Judge. The defendant was tried for the offense of murder and convicted of voluntary manslaughter. His motion for a new trial was overruled and he appealed to this court. *Held:*

1. Complaint is made that the trial judge, after charging the jury that the burden was upon the State to prove the defendant guilty of the crime charged beyond a reasonable doubt, defined the term "reasonable doubt" to the jury but failed to define the word "beyond" appearing in the phrase "beyond a reasonable doubt." We think that the

jury, after hearing the charge given and the definition of the term "reasonable doubt," would have no difficulty determining the meaning of the word "beyond" and its relationship to the term so defined without a separate definition or instruction as to this particular word. Nor did the absence of such definition make the charge confusing to the jury.

2. Charges relating to murder, even if error, were harmless, as defendant was convicted of voluntary manslaughter. See *Walker v. State,* 226 Ga. 292 (8) (174 SE2d 440); *Lott v. State,* 123 Ga. App. 781 (2) (182 SE2d 546).

3. The trial court charged as follows: "Now, gentlemen, in charging you both with the law of murder and the law of manslaughter, the court makes no intimation whatsoever as to what your finding should be in regard to either. These are matters which are entirely up to the jury to determine. You base your findings on the facts as you find the facts to be, applying thereto the law given you in charge." This charge, when considered in connection with the charge as a whole, explaining the circumstances under which a verdict of not guilty should be returned, is not subject to the objection that it in effect charged the jury that only a verdict of murder or of manslaughter was permissible under the evidence.

4. A charge that "the law presumes that every action which is itself unlawful was criminally intended until the contrary is made to appear," while formerly meeting with some approval by the courts of this State (*Lawrence v. State,* 68 Ga. 289 (a); *Whippler v. State,* 218 Ga. 198, 207 (126 SE2d 744); *Patterson v. State,* 1 Ga. App. 782, 784 (58 SE 284); *Marzetta v. Steinman,* 117 Ga. App. 471 (5b) (160 SE2d 590)) is contrary to the express language of Section 26-605 of the Criminal Code, which reads as follows: "A person will not be presumed to act with criminal intention, but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." This

charge, in the present case where the accused was charged with murder, constitutes reversible error.

5. The court charged: "I charge you that if you believe and believe beyond a reasonable doubt that at any time before this bill of indictment was returned by the grand jurors named, and filed in this court, that the defendant did, in the County of Fulton and State of Georgia, kill Mitchell Gary, the person named in the indictment, by shooting him with a pistol, but that he acted solely as a result of a sudden, violent and irresistible passion resulting from a serious provocation sufficient to excite such passion in a reasonable person and that there was no interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard, and that this passion was established by evidence of an actual assault upon the defendant *or that the person killed was attempting to commit a serious personal injury upon the defendant,* or some equivalent circumstances, and to exclude malice aforethought, either express or implied, which is the result of a sudden heat of passion or irresistible passion, then in that event you would be authorized to find the defendant guilty of voluntary manslaughter." Complaint is made that the language emphasized by the court was a definition of justifiable homicide included within a charge on voluntary manslaughter and was confusing to the jury. Justifiable homicide is defined in part in Criminal Code § 26-902 (a) as follows: "A person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to defend himself or a third person against such other's imminent use of unlawful force; however, *a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself* or a third person, or the commission of a forcible felony." (Emphasis supplied.) We find no substantial difference between the phrases "serious per-

sonal injury" and "great bodily injury." In voluntary manslaughter, as was charged here, the killing is done *solely because of passion or anger* created in the defendant by an attempt on the part of the deceased to commit a serious injury upon the defendant; whereas, justifiable homicide occurs when the defendant kills *because he reasonably believes such force is necessary to prevent great bodily injury.* The charge complained of, therefore, did not confuse justifiable homicide with voluntary manslaughter for the reasons assigned.

6. The evidence was sufficient to authorize the verdict.

*Judgment reversed. Hall, P. J., and Quillian, J., concur.*
ARGUED FEBRUARY 1, 1972—DECIDED JUNE 14, 1972.

*Stanley H. Nylen,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Carter Goode,* for appellee.