## 49899. NICHOLS v. THE STATE.

MARSHALL, Judge.

Appellant was convicted of the offense of selling beer without a license. The evidence showed that appellant, while working as a bartender in The Last Resort, Inc., sold a beer to an investigator of the Georgia Department of Revenue. When asked to produce a current beer license, the appellant could not find one. *Held:*

1. During the trial, the investigator was asked whether he had made an independent investigation of the existence of a license, and he replied that he had checked with the license section located in Atlanta and "they checked their records, all computer records, and there was no license." Appellant objected on the grounds of hearsay and enumerates as error the overruling of same.

"It is not permissible for a witness to testify to facts the knowledge of which he has obtained from records not personally kept by him." *Central of Ga. R. Co. v. Jaques & Tinsley Co.,* 23 Ga. App. 396 (2) (98 SE 368); *Knox Metal Products, Inc. v. Watson,* 100 Ga. App. 832 (112 SE2d 295). The testimony given by the prosecution witness falls squarely within this rule. It was inadmissible hearsay and comes within no known exception to that rule. However, this error was harmless beyond a reasonable doubt where all remaining evidence points to the conclusion that the appellant sold beer without a license. See e. g. *Morgan v. State,* 231 Ga. 280 (4) (201 SE2d 468); *Pless v. State,* 231 Ga. 228 (1) (200 SE2d 897); *Cauley v. State,* 130 Ga. App. 278 (2c) (203 SE2d 239); *Maddox v.*

*City of Dublin,* 18 Ga. App. 614 (89 SE 1090).

2.. Appellant contends also that a verdict should have been directed in his favor upon the state's failure to prove that he was responsible for obtaining a license or that he knew the owner had not obtained a license and intentionally sold beer in violation of state law.

Ga. L. 1937, pp. 148, 152; 1971, p. 817 (Code Ann. § 58-726) provides in part: *"No person, firm,* or *corporation* shall sell, offer for sale, or possess for the purpose of sale, any of the malt beverages specified and legalized by this Chapter, without first having obtained a license to deal in such beverages under the provisions of this Chapter . . . *and* any person, firm or corporation guilty of violating the provisions of this Section shall be guilty of a misdemeanor and punished as provided in this Chapter." (Emphasis supplied.)

Ga. L. 1935, pp. 73, 80 (Code Ann. § 58-725) provides: "Any person who violates the provisions of this Chapter, and all officers, directors, partners *and employees* of any corporation, partnership or firm that violates any of the provisions of this Chapter, shall be guilty of a misdemeanor and punishable as such, unless otherwise provided herein." (Emphasis supplied.)

These two Code sections proscribe appellant's conduct even if, as he contends, he believed it was the owner's responsibility to obtain the license and did not know of its nonexistence.

3. Appellant's final enumeration is that the trial judge erred in failing to charge on the defense of mistake of fact. Ga. L. 1968, pp. 1249, 1270; 1969, pp. 857, 859 (Code Ann. § 26-705). In spite of persuasive argument by appellant's counsel against strict liability for public welfare offenses, we nevertheless find that the trial court correctly ruled against a mistake of fact instruction. Offenses malum prohibitum are still recognized and "intent may be presumed from the commission of the act prohibited." *Marzetta v. Steinman,* 117 Ga. App. 471, 474 (160 SE2d 590). In an early case involving the sale of "near beer," the appellant's plea that he honestly believed the beverages he was selling were non-intoxicating, was rejected by the court: "If he sells malt liquor at all, he does so at his peril. Presumptively he has violated the law; and

the burden on him is to show, not merely that he did not intend to violate the law, but that he did not violate it. When he tries to crawl through the loophole, he must be able to put through the aperture, not only his mind, but also his body." *Ware v. State,* 6 Ga. App. 578, 583 (65 SE 333). See also, *Downing v. State,* 66 Ga. 160 (4); *General Oil Co. v. Crowe,* 54 Ga. App. 139 (7) (187 SE2d 221).

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED NOVEMBER 7, 1974 — DECIDED JANUARY 16, 1975.

*John W. Timmons, Jr.,* for appellant.