## 38452. MARCHMAN & MARCHMAN, INC. v. CITY OF ATLANTA.

SMITH, Justice.

Appellant challenged the constitutionality of a City of Atlanta ordinance requiring construction of sidewalk improvements in subdivisions on due process and equal protection grounds. This is an appeal of a judgment on the pleadings granted the appellee. We reverse.

Appellant Marchman & Marchman, Inc., is in the business of constructing residential developments in the City of Atlanta and surrounding area. It requested exemption from the requirements of the Atlanta City Code of Ordinances "Section 30-61," dealing with the installation of sidewalks, for a residential development currently under construction. The Atlanta City Council refused to grant an exemption. Marchman & Marchman subsequently sought and won a temporary restraining order to prevent the City of Atlanta from performing any sidewalk excavation or construction at plaintiff's site. At the same time, Marchman & Marchman filed the complaint that forms the basis of this case on appeal. The injunction against sidewalk work remained in effect for ten months, until grant of appellee's motion for judgment on the pleadings. In its motion Atlanta contended that "Section 30-61" did not refer to a presently applicable ordinance, section 30-61 having been amended and renumbered in 1977 to become § 15-5002. Both versions deal with sidewalk improvements and are approximately one paragraph in length.

It is the rule in Georgia that "[i]n order to raise a question as to the constitutionality of a 'law', at least three things must be shown: (1) the statute or the particular part or parts of the statute which the party would challenge must be stated or pointed out with fair precision; (2) the provision of the Constitution, which it is claimed has been violated must be clearly designated; and (3) it must be shown wherein the statute, or some designated part of it, violates such constitutional provision." *Richmond Concrete Products v. Ward,* 212 Ga. 773, 774-775 (95 SE2d 677) (1956). In applying this rule the Court has sought to encourage clarity and definiteness in pleading. At the same time the court recognizes and has broadly construed the Civil Practice Act, Ga. Code Ann. § 81A-108 (a) (1) requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." These two views of pleading must be applied together in constitutional cases.

For example, where the plaintiff refers to the Code Annotated rather than the official Code of 1933, the provision challenged will be

held to have been identified with requisite precision. *Grantham v. State,* 244 Ga. 775 (262 SE2d 777) (1979). A constitutional challenge to a statute is presented " 'with fair precision' where its substantive provisions are set forth with sufficient particularity to enable it to be found among and distinguished from other statutory provisions although neither its official nor its unofficial citation is set forth in the pleading raising the constitutional challenge." *Wiggins v. State,* 249 Ga. 302, 303 (290 SE2d 427) (1982).

In the present case, Marchman & Marchman has sufficiently pleaded the challenged ordinance by identifying the nature and purpose of the ordinance such that defendant City of Atlanta was on notice and could respond to the plaintiff's allegations. The complaint enabled the defendant to locate the ordinance in question and distinguish it from other provisions, even though the ordinance Marchman & Marchman designated had been subsequently renumbered and amended slightly.[1] Plaintiff properly raised the question of the constitutionality of the ordinance in its pleadings. The trial court erred in granting defendant's motion for judgment on the pleadings.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 28, 1982 —
REHEARING DENIED OCTOBER 27, 1982.

*Griffin, Cochrane & Marshall, Luther P. Cochrane, Michael E. Utley,* for appellant.
*Marva Jones Brooks, Mary Carol Cooney,* for appellee.

---

[1] "Section 30-61. Sidewalk Improvements. Sidewalk improvements shall be provided in each subdivision in accordance with the specifications for sidewalk construction set forth by the Chief of Construction. Driveway aprons over the sidewalk areas shall be paved with concrete in accordance with the specifications set forth by the Chief of Construction. Atlanta City Code Sec. 30-61.

"Section 15-5002. Sidewalk Improvements. Sidewalk improvements shall be provided in each subdivision and community unit plan (CUP) in accordance with the specifications for sidewalk construction set forth by the commissioner of environment and streets. Driveway aprons over the sidewalk areas shall be paved with concrete in accordance with the specifications set forth by the commissioner of environment and streets. (Code 1965 Sec. 30-61, as amended by Ord. No. 1981-19, 3/21/81). Atlanta City Code Sec. 15.5002.