PARROTT & BROTHER vs. JOHNSON.

<div style="float:right">61  475<br>117  507</div>

1. The testimony of one holding the position of chemist to the department of agriculture, for the analysis of fertilizers, is not admissible, if the fact to which it relates seems to rest on hearsay, rather than on personal knowledge. Thus, where the quality and effects of a certain commercial fertilizer are in question, and the chemist, answering to interrogatories, says, "tests of this guano made in different parts of the state by the department of agriculture, have been satisfactory as to its value as a food for plants," the answer is incompetent testimony.

2. Where both parties have introduced evidence, the jury should not be instructed to the effect, that if they believe from the evidence of the plaintiff thus and so, then it would devolve on the defendant to show clearly thus and so. It is not obligatory upon the jury to divide the evidence into two parts, and determine their belief provisionally by one of the parts only, but they may, if they please, consider the evidence as a whole in all the stages of their deliberation.

3. If a farmer, in dividing the crop between himself and his tenants, has received from them half the price which he had contracted to pay for a worthless fertilizer used in producing the crop, they not objecting to the terms of settlement, he may afterwards bind himself by a promise to refund on condition that he shall be successful in resisting a suit for the price of the fertilizer, brought against him by the holder of his note givent herefor. Such a promise would have the support of a strong moral obligation at least.

4. Evidence called in the motion for new trial newly discovered, cannot be considered in passing upon the motion, where no affidavit has been made touching the discovery—no affidavit of the time, or even of the fact of discovery.

30

5. The defense pleaded was express warranty of the fertilizer, and breach thereof. Express warranty was not proved. Breach of implied warranty was not pleaded, nor was it established by evidence with that certainty contemplated in 51 *Ga.*, 298, and in 53 *Ga.*, 635.

Evidence. Charge of Court. Contracts. Warranty. New trial. Before Judge HILLYER. DeKalb Superior Court. March Term, 1878.

Parrott & Brother brought complaint against Johnson on a note for $195.75, dated April 4, 1876, and due on or before November 1st next thereafter, given for guano sold. The defendant pleaded that he was a farmer, had purchased the guano on the express warranty of plaintiff that it was well adapted to the cultivation of cotton, and that the warranty had failed in that the article bought as aforesaid had proved valueless.

The evidence was somewhat conflicting, but failed to show that the guano was not suitable to the purpose for which purchased. As an effort to prove a breach of warranty it was exceedingly weak. It was shown by plaintiffs that defendant cultivated his lands by tenants under contracts that he was to pay for one-half the guano, furnish stock, etc., and to receive one-half the crop; that in settlements had with his tenants he retained half the price of the fertilizer as the amount due therefor by them. It was shown by defendant that some time in the spring or summer of 1877, he promised said tenants to refund the amount thus paid by them, after deducting expenses, if he was successful in this litigation. There was no evidence of any express warranty.

The jury found for the defendant. The plaintiffs moved for a new trial upon substantially the following grounds:

1. Because the court erred in refusing to charge as follows: "If the evidence disclosed the fact that defendant had received pay for one-half of the guano unconditionally from his tenants, but afterwards defendant had promised to refund a part of the money if he gained the suit, in order that said payment would not prejudice his defense in said

suit with plaintiffs; and it should further appear, that said tenants' contracts had nothing to do with plaintiffs and defendant's contract, and that the tenants had no idea of trying to recover anything back from defendant; then, in that event, it would go to the credit of plaintiffs, and defendant would be liable for that amount."

2. Because the court erred in excluding the testimony of Land. (This is fully reported in the first head note.)

3. Because the court erred in refusing to charge as follows: "If the jury believe from the evidence for plaintiffs, that the guano was merchantable and reasonably suited for the purpose intended, then it would devolve upon defendant to show clearly that his failure to realize a benefit from the guano, and to make a good crop, was caused by no fault of his, but resulted from the worthlessness of the guano, before he would be entitled to a verdict."

4. Because of certain newly discovered evidence.

This last ground was unsupported by the usual affidavits. The motion was overruled, and the plaintiffs excepted.

REINHARDT & HOOKS, for plaintiffs in error.

L. J. WINN, for defendant.

BLECKLEY, Justice.

1. The tests spoken of by the chemist do not appear to have been made by himself, but by the department of agriculture. Whether he assisted in them is not stated, nor is it stated that they were conducted under his observation.

2. Both parties introduced evidence. The jury could look at the whole case, and were not bound to distinguish the effect of the plaintiffs' evidence separately considered.

3. If the defendant had collected from his tenants what he ought in equity and good conscience to refund, his promise to refund would not be without the consideration, at least, of a strong moral duty. Granting that he could not be constrained to perform it, he should not be obstructed in

his purpose to perform voluntarily. While going forward of his own volition, he should not be pushed off of the path. But we do not see why performance might not be enforced. We think it could be.

4. Mere assertion that evidence has been discovered since the trial is of no value. The usual affidavits should be superadded.

5. The defense pleaded was not proved. Neither was a breach of implied warranty proved with that degree of certainty heretofore held requisite. A new trial should have been granted for deficient evidence.

Judgment reversed.