GILES *v.* VANDIVER.

1. Where suit was brought against G. & C. as partners, and G. filed a plea denying the alleged partnership, evidence to the effect that C. stated in the presence of G. that they were partners in the business in question, and that G. made no denial of this statement, was properly admitted, as tending to prove the partnership, notwithstanding such statement had never been communicated to the plaintiff and could not possibly have affected his dealings with the alleged partnership.

2. Whether the silence of one in whose presence statements are made which he does not deny amounts to an admission, depends upon whether the circumstances required of him an answer or denial. Hence, it was not error to refuse to charge that defendant, in whose presence a statement was made which he did not deny, would not be bound thereby unless, under the circumstances, it was his duty to speak, and this duty was due to the plaintiff. No question of duty is involved, but the question is: does the silence or conduct of the party, naturally and according to human experience, amount, under the circumstances, to an admission of what is said in his presence?

3. There being evidence that one of the alleged partners had signed the name of the alleged firm to the promissory note in suit, and

other evidence tending to show the existence of the partnership, it was not error to admit the note in evidence, although it was not signed in the presence of the party denying the partnership.

4. Where one is indebted to another both upon a promissory note and upon an open running account, and the debtor makes various partial payments without directing to which indebtedness they shall be appropriated, it is generally the right of the creditor to elect to which of his demands against the debtor he will apply such payments. Code, §2869.

5. That a promissory note to which a partnership name was signed, executed by one of the alleged partners, not in the presence of the other, contains a waiver of homestead, presents no legal objection to its admissibility in evidence. While one partner cannot waive the other's right to take a homestead out of the individual property of the latter, the former may bind such partner for the payment of a debt due by the firm.

6. The admission of evidence which might have been objected to as irrelevant, will not be cause for a new trial when objection to its admission was made, not on this ground, but on another which presented no legal reason for rejecting it.

7. While the evidence was conflicting and would have warranted a verdict for defendant, it was sufficient to authorize a finding for the plaintiff; and the trial judge being satisfied with the verdict, this court will not control his discretion in refusing a new trial.

February 27, 1893.               *Judgment affirmed.*

Before Judge TURNBULL. City court of Floyd county. June term, 1892.

Vandiver sued Giles & Clayton, as partners, upon a promissory note for $72.15, dated January 22, 1891, with a credit of cash $9.85, and upon an account for balance due thereon of $421.85. The items in this account bore various dates from February 6, to July 21, 1891, there being various credits, but none of older date than February 23, 1891. Giles demurred generally, and because there was a misjoinder of actions in the declaration, in that plaintiff had joined a negotiable promissory note which waived homestead and exemption and called for attorneys' fees, with an open account which had no waiver of homestead or exemption nor called for attorneys' fees, and therefore the judgment upon the note must of necessity be different from the judgment upon

v 91-13

the account.   The demurrer was overruled.   Giles filed
a plea of not indebted and of no partnership.   There
was a verdict against Giles & Clayton, as a firm, for
$484.15 upon the note and account with interest, and
with attorneys' fees on the note.   Giles' motion for new
trial was overruled, and he excepted.   His motion con-
tained the following grounds :

1. The court erred in not ruling out the testimony of
one McGinnis, upon the ground that the statements of
Clayton, testified to by McGinnis as occurring in the
presence of Giles, were after the account sued upon was
begun, and it was not shown that such statements were
communicated to plaintiff, and therefore he was not
affected thereby, and the testimony was irrelevant.
McGinnis testified that an execution against Clayton
had been levied upon the bar-room near Plainville, Ga.,
operated by Clayton, in the spring of 1891; that shortly
after the levy Clayton stated to him, in the presence of
Giles, that the bar-room was not his individually, but
the property of Giles & Clayton, and they were going to
file claim thereto; that during this conversation Clayton
showed him a bill for goods shipped them, made out to
Giles & Clayton from Vandiver; that this was in pres-
ence of both and not denied by Giles.   The account
sued upon was for whisky, brandy, etc., and was headed
" Messrs. Giles & Clayton, Plainville, Ga.," etc.

2. After charging that no admission or statements of
Clayton, not in the presence of Giles, as to Giles being
a partner, would be binding upon Giles, the court erred
in not charging further as requested: " Nor is W. C.
Giles bound by any statement or admissions made by
J. B. Clayton in his presence, unless it was at a time
and under circumstances when it was his duty to speak,
and that duty to speak must have been due to the plain-
tiff in this case by W. C. Giles."

3. Error in not ruling out the note sued upon and in

allowing it to be introduced in evidence, over objection that it was only signed by Clayton, " Giles & Clayton," and not in presence of Giles, and therefore was simply a declaration of Clayton, nothing showing that the note was signed Giles & Clayton with knowledge of Giles. The court refused to allow the note to be introduced until testimony of McGinnis had been introduced, and stated to the jury that the fact that the note was signed with the name of Giles & Clayton would not be binding on Giles, unless they were satisfied by the evidence that there was such a partnership.

4. The verdict was without evidence to support it and contrary to evidence, in that the account sued upon and plaintiff's books from which the account was transcribed, showed that the note sued upon was paid off, it being given for oldest items in the account, and payments as credited upon the account far exceeding the items in account for which note was given; and therefore there was nothing due on the note, and yet the verdict showed that the amount claimed by plaintiff as due upon it was found in favor of plaintiff. The ledger of plaintiff, which contained the account sued upon and for which note was given, showed that the first bill of goods was dated January 22, 1892, and marked at the foot of that bill was entered, " Settled by note in full " and account balanced, and immediately following on the next line the items of account sued on, with credits entered as in the account sued on.

5. The court allowed the note sued on introduced over objection of Giles, that, as he contended, it showed that it was signed by one partner, and it not appearing that Giles was present when it was signed and the note waiving homestead and exemption, it was such an obligation as could not be legally enforced against Giles as a partner of Clayton, there being no authority of law for one partner to make such waiver for the other.

6. Error in allowing plaintiff to testify that he extended the credit solely upon the faith of Giles being a partner, over objection of Giles that such testimony was not admissible until it was shown that plaintiff acted upon information as to the partnership obtained from Giles and not from Clayton.

7. The verdict is contrary to law and evidence.

GEORGE & WALTER HARRIS, for plaintiff in error.
DABNEY & FOUCHÉ, contra.