## FIRST NATIONAL BANK OF SPARTA *et al. v.* CITY OF SPARTA *et al.*

1. The refusal of the court to recommit the case to the auditor for further and additional report is not, in view of the evidence the admission of which is assigned as error, sufficient ground for reversal of the judgment of the court.

2. " The bona fide purchaser of a negotiable paper not dishonored, or of money, or bank-bills, or other recognized currency, will be protected in his title, though the seller had none." Civil Code (1910), § 4118.

3. Though hearsay evidence has no probative value, the admission of hearsay evidence which may have had the effect, if considered, of inclining the mind of the auditor to a finding adverse to the plaintiff in error, where the evidence related directly to a material question, will cause a reversal of the judgment of the court refusing to approve the exception to that finding.

4. After examination, this court holds that the trial court's rulings upon other exceptions filed by the plaintiffs in error to the findings of law and fact made by the auditor were not erroneous.

5. Objections by the defendants in error in the main bill of exceptions to the allowance of an amendment by one of the defendants in the court below, on the ground that it was offered too late, were without merit.

Nos. 2940, 2961.  SEPTEMBER 28, 1922.  REHEARING DENIED SEPTEMBER 30, 1922.

Equitable petition.  Before Judge Park.  Hancock superior court. September 30, 1921.

*Jones, Park & Johnston* and *Winfield P. Jones,* for plaintiffs in error in main bill of exceptions.

*R. L. Merritt, Wiley & Lewis,* and *Hall, Grice & Bloch,* for bond commissioners.

*A. R. Wright, John R. L. Smith, Grady C. Harris,* and *Alston, Alston, Foster & Moise,* contra.

BECK, P. J.  R. C. Wiley and R. L. Merritt, as bond commissioners of the City of Sparta, brought their equitable petition against the First National Bank of Sparta (hereinafter referred to as the Sparta Bank), the Third National Bank of Atlanta (hereinafter

referred to as the Atlanta Bank), Robert Holmes, the City of Sparta, Robinson-Humphrey Co., and Merchants & Farmers Bank of Davisboro, for the recovery of certain securities alleged to belong to the sinking-fund of the City of Sparta, and for accounting. The case was referred to an auditor, who heard the case and in due course made his report. The Sparta Bank and the Atlanta Bank and Robert Holmes filed a motion to recommit the cause to the auditor for additional report upon the several grounds in the motion respectively set forth. This motion was overruled, and the movants excepted. The movants severally filed exceptions of law and exceptions of fact to the report of the auditor, upon various grounds. After argument upon these exceptions the court overruled them, and a decree was entered approving the report of the auditor; and final judgment was rendered and entered in favor of the plaintiffs and against the three defendants last named. These defendants excepted, assigning error upon the judgment refusing to sustain the exceptions of law, and the refusal to approve the several exceptions of fact filed by them respectively and the refusal to submit the questions of fact for trial by the jury.

1. After examining the motion to recommit the case to the auditor for further and additional report, upon the grounds upon which the motion is based, we are of the opinion that the court did not err in denying the motion. The evidence set forth in this motion to recommit, to the introduction of which the defendants made objection, was not of such materiality that its admission is a cause for reversing the judgment for refusing the motion to recommit, except in one particular which we will notice later. As to this particular evidence, that is, the answer of Walker to a certain interrogatory, inasmuch as the auditor does not show whether this was admitted or rejected, we hold that it should be treated as having been admitted; and the effect of admitting this incompetent evidence will be dealt with in this opinion.

2. One of the findings of the auditor, classed under his findings of law, was that the Third National Bank of Atlanta illegally converted $9,000 worth of bonds, the property of the City of Sparta, and that the plaintiffs should have and recover of that bank $9,000, the par value of said bonds, together with interest from January 1, 1918, at five per cent. per annum, and all future interest at the same per cent., until paid. The exception to this finding is that it

is contrary to law and without evidence to support it, and that it is based upon findings of fact that are erroneous. We are of the opinion that this exception should have been sustained. We have not closely scrutinized the record to determine whether the Atlanta Bank had knowledge of such facts as would have put it upon notice that the party depositing the bonds as collateral security had authority to do this or not. These bonds were payable to bearer, they were not registered, and they had been deposited by Walker, the president of the Sparta Bank, as collateral security for a note given by him to Robinson-Humphrey Co.; and there is no evidence that Robinson-Humphrey Co. had knowledge of any fact that in any way tended to show that Walker did not have the right to deposit these bonds as security for the note given for the sum of $7,500. That being true, the Robinson-Humphrey Co. was an innocent holder bona fide and for value; and when the Atlanta Bank paid out the money to discharge the note to Robinson-Humphrey Co., for which the bonds had been deposited as security, even though the bank had notice, it would be as fully protected as the Robinson-Humphrey Co., the innocent holder, under the principle that one with notice who purchases from an innocent holder acquires as good title as the innocent holder had.

3. In addition to finding against the defendants the principal sum of $9,000, the value of the bonds alleged to have been converted, together with interest, the auditor further found in favor of the plaintiffs against the First National Bank of Sparta the sum of $4,000, shown at one time to have been on deposit to the credit of the City of Sparta bond commission. The evidence as to whether or not this had been paid out on checks of the bond commission was conflicting; and under the conflicting evidence it was a question of fact to be determined by the auditor whether the Sparta Bank had paid out this money upon the order of the bond commissioners, or was still indebted to the commission for that amount. But it appears from the motion made to recommit, that, in answer to certain questions propounded in the interrogatories, John D. Walker testified that upon one occasion he " examined the sinking-fund account and found it debited with $4,000 ;" and that he, knowing it had not been drawn out, inquired of Mr. Morris, the assistant cashier of the Sparta Bank, as to how that item happened to be there, and was told by Morris that Holmes, who was vice-

president of the bank, "had instructed him to do that until after the bank examiner had finished the examination of the bank, to reduce the deposits, as far as it was possible to do, by carrying a ticket in the drawer, and that the amount would be restored." This evidence was objected to as hearsay. The auditor makes no finding as to whether this objection was sustained or overruled; and with the record in that condition, the motion to recommit having been denied, we assume that this evidence was admitted. The evidence was clearly incompetent on the ground assigned by counsel for plaintiffs in error, and we can not say to what extent the mind of the auditor was affected by this evidence. We presume that he considered it, as he did not rule it out, and it may have had a preponderating influence causing him to decide against the bank as to this item of $4,000. We are therefore of the opinion that the First National Bank of Sparta, as to this particular item of $4,000 alone, should have another hearing, and so direct.

4. We have examined the other exceptions to the findings of law and fact, and are of the opinion that the court's ruling in regard to them was not error.

5. Objections by the defendants in error in the main bill of exceptions to the allowance of an amendment by one of the defendants in the court below, on the ground that it was offered too late, were without merit. The judgment of the court below is therefore affirmed on the main bill of exceptions in part, and reversed in part. It is reversed in so far as it adjudges the Third National Bank of Atlanta liable for $9,000, the value of the bonds, and in so far as it found that the plaintiffs should recover the item of $4,000 sued for, in addition to the value of the bonds.

*Judgment affirmed in part and reversed in part on the main bill of exceptions, and affirmed on the cross-bill of exceptions. All the Justices concur.*