## MARYLAND CASUALTY COMPANY *v.* JOHNSON COMPANY.

No. 6416. NOVEMBER 17, 1928.

*Earle Norman,* for plaintiff. *Callaway & Howard,* for defendant.

HILL, J. ■ The petition in this case is identical with the petition in *Maryland Casualty Co.* v. *Washington Loan & Banking Co.,* ante, except that the parties are different. The intervention filed and the demurrer are also substantially the same as those filed in the case preceding. The two cases they were argued together in this court. The rulings made in the case preceding, on

the petition, intervention, and demurrer, are controlling in the present case.

■ Special grounds 1, 2, and 3 of the motion for new trial complain of the rejection of certain evidence which the movant contends was illegally withheld from the jury. It was held in *Maryland Casualty Co. v. Washington Loan & Banking Co.*, supra, that it was not error to refuse to allow substantially similar evidence to go to the jury.

■ Ground 4 of the motion for new trial complains of the following charge of the court: "There are certain principles of law that I wish to call to your attention just here, one of which is found in section 52 of the Acts of the Georgia legislature of 1924, on page 137, what constitutes a holder in due course. A holder in due course is a holder who has taken the instrument under the following conditions: (1) That it is complete and regular upon its face. (2) That he became the holder of it before it was overdue and without notice and that it had been previously dishonored, if such was the fact. (3) That he took it in good faith and for value. (4) That at the time it was negotiated to him he had no notice of any infirmities in the instrument or defect in the title of the person negotiating it. I read you section 55 beginning on the same page. The title of a person who negotiates an instrument is defective within the meaning of this act when he obtained the instrument or any signature thereto by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith or under such circumstances as amount to a fraud. In this connection I charge you that every holder is deemed prima facie to be a holder in due course." The charge is not subject to the following criticism made by the movant: "because the warehouse receipts sued on in this case were not negotiable instruments, and the sections of the uniform negotiable-instruments law above quoted were not applicable to or appropriate to the issue being tried in this case, and the charge of the court herein set forth submitted to the jury an issue which was not raised by the pleadings or the evidence in said case; and because even if the rule of law stated by the court were applicable to warehouse receipts, the statute given in charge by the court to the jury was not passed and did not become effective until after the transaction resulting in a loan on July 7, 1924, by

368

W. T. Johnson Company to Planters Warehouse Company; and because, it appearing from the evidence that the so-called warehouse receipts held by W. T. Johnson Company were attached to and by reference became a part of a formal mortgage given by Planters Warehouse Company to W. T. Johnson Company upon cotton described in the alleged warehouse receipts, there was no pledge of the warehouse receipts as such, but the warehouse receipts were used for the sole purpose of identifying the cotton purported to be mortgaged by the warehouse company to W. T. Johnson Company." Warehouse receipts such as those involved in this litigation are negotiable instruments under the law of this State. Civil Code (1910), §§ 2913, 4274; and see, in this connection, *Continental Trust Co.* v. *Bank of Harrison,* 162 *Ga.* 758 (134 S. E. 775, 50 A. L. R. 412) ; *Maryland Casualty Co.* v. *Washington Loan & Banking Co.,* supra. The charge of the court, even though taken from the negotiable instruments law of 1924, states a principle of law existing before that act, which is applicable to this case.

Grounds 5, 6, and 7 of the motion for new trial raise the same question raised by the demurrer and ruled upon in *Maryland Casualty Co.* v. *Washington Loan & Banking Co.,* supra. The verdict was authorized by the evidence, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*