ORVIS BROTHERS & COMPANY *et al. v.* MOBLEY, superintendent of banks.

No. 7796. JANUARY 17, 1931. REHEARING DENIED FEBRUARY 14, 1931.

908

*Turpin & Lane* and *S. B. Lippitt,* for plaintiffs in error.

*Park & Strozier,* contra.

HILL, J. We are of the opinion that the court below did not err in overruling the demurrers to the petition. We are aware of the rule which makes a bonded warehouse receipt a negotiable instrument. *Maryland Casualty Co.* v. *Washington Loan & Banking Co.,* 167 *Ga.* 354 (145 S. E. 761) ; *Maryland Casualty Co.* v. *Johnson Co.,* 167 *Ga.* 365 (145 S. E. 766). And also the rule that a bona fide purchaser of a negotiable paper not dishonored, or of money, or bank bills, or other recognized currency, will be protected, though the seller had no title. Civil Code (1910), § 4118; *First National Bank of Sparta* v. *City of Sparta,* 154 *Ga.* 25 (114 S. E. 221). It will be observed from reading the statement of ownership and encumbrances of Nesbitt-Williams Cotton Company, attached to the receipt of the Cordele Compress Bonded Warehouse of Cordele, Georgia, that Nesbitt-Williams Cotton Company certifies that it "is the owner or authorized agent of the owner of the cotton covered by this receipt, and that, other than the warehouse-

man's lien evidenced on the face of this receipt and the following, there are no liens, mortgages, or other encumbrances on said cotton." This receipt was sufficient to put the purchaser on notice to enquire as to who was the true "owner or authorized agent of the owner of the cotton covered by this receipt," etc. The petition alleges that the Nesbitt-Williams Cotton Company had an agreement with the Exchange Bank of Cordele, the plaintiff, whereby the cotton company, or firm, was to hold the cotton purchased by them, and paid for by the bank, in trust, until the cotton was sold and the proceeds paid on the bank's debt, and that the title to the cotton was to remain in the bank until the bank was paid. In these circumstances the cotton firm, or company, never had title to the cotton, and had no authority to place the cotton in the bonded warehouse as its own; and when the cotton brokers accepted the receipt with the above stipulation in it, they were put upon notice that the cotton company "was owner, or agent of the owner." But which? If the cotton brokers had used ordinary diligence to ascertain the true owner, they would have found that the title to the cotton never was in the cotton firm, and that it had no right to deposit the cotton in a bonded warehouse in its own name, and trade the receipt for a pre-existing debt. The plaintiffs in error never paid anything for the cotton receipts. The receipts were taken for a pre-existing debt incurred by the cotton firm on account of dealing in future or margin contracts with the plaintiffs in error, who were members of the New York Cotton Exchange. The plaintiffs in error paid nothing in cash for the receipts, and are in no worse condition than they were before they received them. The case is different from one where a debtor pays a pre-existing debt with property that is his own. Before taking the warehouse receipt, if plaintiffs in error had investigated, as they were bound to do, they would have ascertained the fact that the cotton firm did not own the cotton. The doctrine of caveat emptor applies to a case like the present. The purchaser must "beware" of what he is buying; he must "look out" to see whether the title to the thing he is buying is in the seller, especially where he is put upon notice that the seller is either "owner or the agent of the owner." If he was merely the agent of the owner, where was the evidence of the "agency"? Inquiry would have disclosed, under the allegations of the petition, that the cotton firm were the agents "to ship and sell the cotton

 915

and apply the proceeds to the debt due the bank," and not to deposit the cotton in a bonded warehouse to the individual name of the cotton firm, and sell the receipt to a third person, and apply the proceeds to the cotton firm's individual pre-existing debt. To allow the latter to be done would work a great injustice and do violence to the law. See *Farmers & Merchants Bank* v. *Hamilton, 30 Ga. App.* 194 (117 S. E. 287).

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*