## 20049. STONE *v.* JERNIGAN *et al.*

CANDLER, Justice. Alleging that she owns all of lot 29 in the 20th land district of Decatur County lying west of a line running across the lot from its south original line to its north original line, the location of which is more particularly described as beginning at a point where the branch crosses the original south line of the lot thence up the branch to its head; thence crossing a narrow ridge to the Bainbridge road to the head of another branch, and thence down that branch to the point where it intersects the north original line of the lot, the plaintiff instituted this litigation against the defendants and prayed for a decree of title and for an injunction to prevent the commission of further specified acts of trespass thereon. The defendants answered the petition as amended and averred that they own the entire east half of the lot and that their west boundary line is one running from the south original line to its north original line dividing the lot into two equal halves. On the trial and after the parties had introduced their evidence, oral and documentary, the court directed a verdict in favor of the defendants fixing the boundary line at the location contended for by them and on the verdict a decree was accordingly entered. The plaintiff, in due time, moved for a new trial on the usual general grounds, and by an amendment to her motion alleged that the court erred in directing a verdict for the defendants. The amended motion was denied and the exception is to that judgment. *Held:*

1. "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code § 110-104. But it is erroneous for the court to direct a verdict unless there is no issue of fact, or unless the proved facts, viewed from every possible legal point, sustain no other finding than the one directed. *Norris* v. *Coffee*, 206 *Ga.* 759 (58 S. E. 2d 812).

2. An unascertained or disputed boundary line between coterminous proprietors may be established either (1) by oral agreement, if the agreement be accompanied by actual possession to the agreed line or is otherwise executed; or (2) by acquiescence for seven years, by acts or declarations of the adjoining owners as provided for by Code § 85-1602. *Lockwood*

v. *Daniel*, 193 *Ga.* 122 (17 S. E. 2d 542). And a line established by either one of these two methods is binding on the coterminous proprietors and their grantees. *Bradley* v. *Shelton*, 189 *Ga.* 696 (7 S. E. 2d 261).

3. This case presents a boundary-line controversy between adjacent owners. The plaintiff claims the west half of the lot involved and the defendants claim the east half of it. The plaintiff's chain of title begins with a warranty deed which W. M. Blount executed and delivered to J. R. Crawford and B. C. Dickinson on February 2, 1894, and the defendants' chain begins with the will of Jacob Blount which was probated in 1883. These two instruments fix the boundary line between the west half and the east half of the lot as being a line running across the lot from its south original line to its north original line and more particularly as a line beginning at a point on the south original line where the branch crosses it, thence up the branch to its head, thence across a narrow ridge to the head of another branch at the Bainbridge Road, and thence down that branch to the north original line of the lot. Subsequent links in the plaintiff's chain of title describe the property as being the west half of the lot, containing 125 acres, more or less; and subsequent links in the defendants' chain describe the property as being the east half of the lot containing 125 acres, more or less. None of the deeds last mentioned fix the location of the dividing line between the two halves. W. B. Bates, a witness for the plaintiff, testified that he was 62 years of age; that he lived on the west half of the lot with his father when he was a boy; that they built a fence from the south original line of the lot up the branch to the Bainbridge Road about 1907 or 1908 and that the fence had been the dividing line for the past 50 years on that portion of the lot south of the Bainbridge Road. He also testified that he bought the east half of the lot on October 10, 1940, from J. G. McKenzie for his wife, Emma Frances Eaton Bates; that she held title to it until she sold it to Vance Custer on March 12, 1951; and that his wife never claimed any part of the lot west of the branch, either north or south of the Bainbridge Road. He also testified that no other owner of the east half of the lot had claimed any land west of the two branches during the past 50 years and that the two branches had been the dividing line

251

between the east half and the west half of the lot for 50 years. Other oral testimony introduced by the plaintiff clearly tends to show that the parties and their predecessors in title had for a period of far more than 7 years by their acts recognized and treated the two branches as the boundary line between their respective portions of the lot. The defendants, however, introduced oral testimony which tends to contradict the oral testimony offered by the plaintiff, and they also placed in evidence a plat which shows that a straight line from the north original line to the south original line and which divides the lot involved into equal halves is located to the west of the two branches which cross the lot from south to north. Under all of the evidence in this case, as we view it, the jury would have been authorized to find in favor of the plaintiff; and this being true, the direction of a verdict for the defendants was clearly erroneous.

*Judgment reversed. All the Justices concur.*

SUBMITTED MAY 12, 1958—DECIDED JUNE 4, 1958—
REHEARING DENIED JUNE 23, 1958.

*Cain & Smith,* for plaintiff in error.
*Custer & Kirbo, Vance Custer, Chas. H. Kirbo,* contra.