37930.   KNOX METAL PRODUCTS, INC. *v.* WATSON.

DECIDED DECEMBER 4, 1959.

*Lewis & Lewis, Preston B. Lewis, Robert E. Knox,* for plaintiff in error.

*Kenneth E. Goolsby, George W. Fryhofer,* contra.

QUILLIAN, Judge. 1. Grounds 4 and 5 of the amended motion for new trial both complain that over the timely objection of the defendant, a plaintiff's witness, A. T. King, was permitted to testify to certain material facts that the witness professed to have knowledge of only from books and records not kept by him, or under his supervision. The testimony of A. T. King asserted in grounds 4 and 5 to have been inadmissible was: "The National Guard accepted these truck bodies on April 19, 1956. I know this of my own knowledge," which evidence was elicited from the witness on direct examination by plaintiff's counsel. "There were 505 boards furnished by Knox which proved to be so defective as to be unsuitable for the use intended and as a result Watson Automotive Equipment Company had to replace them. It was because the boards did not prove to be satisfactory for the services intended and they were defective, and the warranty made us replace them."

On cross-examination the witness admitted that his knowledge of the facts to which he testified on direct examination was gained solely from the records kept by others. The record clearly reveals that he did not see the trucks himself or have the opportunity to inspect them. The plaintiff insists that the evidence was not hearsay, but was secondary evidence. There is no error in admitting evidence where no valid ground for its exclusion is urged, though it be inadmissible for some other reason. *Ray* v. *Wood,* 93 *Ga. App.* 763 (92 S. E. 2d 820) ; *Cox* v. *Cody & Co.,* 75 *Ga.* 175 (1a) ; *Giles* v. *Vandiver,* 91 *Ga.* 192, 193 (6) (17 S. E. 115). So if the testimony of King as to the contents of records he did not keep was inadmissible only because it was secondary, no objection having been interposed to it on that ground, the exception to its admission is not well taken.

The distinction between secondary and hearsay evidence in some instances is important, because secondary evidence admitted without objection may support a recovery or defense (*Georgia Coast & Piedmont R. Co.* v. *Herrington,* 14 *Ga. App.* 539 (2), 81 S. E. 814), whereas hearsay evidence is without probative value, except under circumstances not here involved, and ordinarily can not supply any element of proof necessary to make out a case or establish a defense. *Nesbit* v. *State,* 71 *Ga. App.* 744 (1) (32 S. E. 2d 207) ; *Stow* v. *Hargrove,* 203 *Ga.* 735, 736 (6) (48 S. E. 2d 454). As a matter of course evidence may be both secondary and hearsay, in which event it still would furnish no basis of recovery or defense.

Evidence submitted on trial is frequently inadmissible for more than one reason. An objection to evidence based on one good ground is sufficient though the evidence may be inadmissible for other reasons.

The question for decision here is whether the testimony of the witness, A. T. King, while admittedly secondary and not objected to on that ground was also subject to objection as hearsay evidence. The same question stated in the abstract is whether testimony concerning information acquired solely through books and records kept by a third person is hearsay evidence. The question was answered affirmatively by our Supreme Court in the year 1853. *Owsley & Son* v. *Woolhopter,* 14 *Ga.* 124 (3).

Since that time our appellate courts have steadfastly adhered to that holding. *Parrott & Bro.* v. *Johnson,* 61 *Ga.* 475 (1) holds: 'The testimony of one holding the position of chemist to the department of agriculture, for the analysis of fertilizers, is not admissible, if the fact to which it relates seems to rest on hearsay, rather than on personal knowledge. Thus, where the quality and effects of a certain commercial fertilizer are in question, and the chemist, answering to interrogatories, says, 'tests of this guano made in different parts of the state by the department of agriculture, have been satisfactory, as to its value as a food for plants,' the answer is incompetent testimony."

*Central of Georgia Ry. Co.* v. *Jaques & Tinsley Co.,* 23 *Ga. App.* 396 (1) (98 S. E. 357) holds: "In the light of the qualifying note of the trial judge, it does not appear that he erred in excluding the testimony of the witness Montgomery as to the weights of the carload lots of corn shipped. It is not permissible for a witness to testify to facts the knowledge of which he has obtained from records not personally kept by him."

Nor is the rule affected by the fact that the witness obtained the information from books and records kept by a fellow employee of the same corporation. *Kelley Bros. Co.* v. *Globe Soap Co.,* 142 *Ga.* 246 (82 S. E. 662).

In the instant case the witness was explicit that the facts to which he swore were ascertained from reports concerning which he was otherwise uninformed.

Where hearsay evidence is erroneously admitted though it has no probative value, but could have been considered by the jury and have influenced their verdict, the error is hurtful. *First Nat. Bank of Sparta* v. *City of Sparta,* 154 *Ga.* 25 (3) (114 S. E. 221).

It appears that the admission of the hearsay evidence was prejudicial error and demands the reversal of the judgment denying the defendant a new trial.

2. The evidence that may be submitted on another trial of the case may differ materially from that adduced on the trial we now review, consequently, we do not pass on the general grounds of the motion for a new trial.

*Judgment reversed. Nichols, J., concurs. Felton, C. J., concurs in the judgment.*