43220.   MARYFIELD PLANTATION, INC. v.
HARRIS GIN COMPANY, INC.

ARGUED NOVEMBER 7, 1967—DECIDED NOVEMBER 14, 1967—
REHEARING DENIED DECEMBER 1, 1967.

*Thurmond, Hester, Jolles & McElmurray, Isaac S. Jolles,* for appellant.

*Zorn & Royal, William A. Zorn,* for appellee.

EBERHARDT, Judge. ■ Was the direction of the verdict authorized? It is only when there is no conflict in the evidence, or when all of the evidence introduced, together with all reasonable deductions to be drawn therefrom, demands a particular verdict that the court is authorized to direct it. *Code Ann.* § 110-104; *Stone v. Jernigan,* 214 Ga. 249 (1) (104 SE2d 101). Unless the facts lawfully proven—all of them—viewed from every proper legal standpoint would sustain no other finding, the directed verdict was unauthorized. We find conflicts in the testimony of the witnesses offered by the parties. Some of these are immaterial and would afford no reason for upsetting the directed verdict, but if there are material conflicts, that is to say, conflicts on material issues, the matter should have been submitted to the jury.

Mr. Harris, testifying for the plaintiff, though admitting that the contract for the job had been negotiated between his pilot and Mr. McLarty for the defendant, asserted that there had never been any mention of a cycle or schedule for the spraying. Mr. McLarty, testifying for the defendant, asserted that after the pea and okra crops had been sprayed and gathered he called the pilot and arranged for spraying of a lettuce acreage and that at that time he urged on the pilot the importance of meeting a seven-day spraying cycle in order to kill the worms

and larvae and that unless the schedule could be maintained he did not want to go into it, whereupon defendant's pilot agreed that the schedule could and would be maintained, but that it was not done. On the matter of whether the services contracted for and represented by the account had been properly performed a material issue was raised by McLarty's testimony, and it was error to direct the verdict on the main suit.

■ What of the cross action? While there is evidence that considerable damage resulted to lettuce that was grown, the only evidence as to the amount of the damage is in the testimony of Mr. McLarty who testified that because of the worm damage "we had to abandon a large part of the crop—probably two-thirds of it—and as to the part that we sold, I think there were 60 odd hundred, maybe 67 hundred, that were shipped and the price was [adversely] affected by probably four or five dollars per carton. . . On the 60 odd [hundred] cartons that we shipped we suffered a loss of at least two or three dollars a carton . . . as to what our average loss was, some of it did not bring freight, so that we would be losing lettuce, freight, brokerage, packing and harvesting. I would say it would be at least two dollars per carton. We shipped a little less than 7,000 cartons—I think about 66 or 67 hundred."

While there was failure to prove what the value of the crop actually grown would have been had it been kept free of worms by a proper cycle of spraying, and what it was worth in the condition resulting from improper spraying, or of proof as to what the cost of items such as harvesting, packaging, freight and brokerage may have been, or as to how many cartons were rejected by consignees on account of the worm damage, or whether these were resold and, if so, for what price, and what the difference may have been (*Ayers v. John B. Daniel Co.*, 35 Ga. App. 511 (133 SE 878)), and the testimony may be no more than a conclusion of the witness, which would ordinarily be insufficient as a measure upon which the jury could make a verdict, yet it was not objected to and we cannot say that it was not a conclusion of fact within his knowledge, thus constituting proof of loss upon which the jury might have made a verdict. *Turner*

*v. Hardy*, 198 Ga. 626, 642 (32 SE2d 483). Direction of a verdict on the cross action was error.

■ Appellant enumerates as error the admission, over proper objection, of testimony by Mr. Harris, president of the plaintiff corporation, as to what the contract between the plaintiff and defendant had been, though he admitted that it had been negotiated between the company pilot and defendant's president, Mr. McLarty, and that he had no knowledge of it save what the pilot had told him, he not having been present.

Defendant's objection was that the testimony was hearsay, deriving its credit solely from the veracity of the pilot. The objection was good and it was error to overrule it and admit the evidence. *Code* § 38-301; *Johns v. Johns*, 20 Ga. 718 (1); *Kelley Bros. Co. v. Globe Soap Co.*, 142 Ga. 246 (82 SE 662); *First Nat. Bank of Sparta v. City of Sparta*, 154 Ga. 25 (3) (114 SE 221); *Hargrave v. State*, 70 Ga. App. 648 (29 SE2d 428).

■ Error is enumerated on the admission, over proper objection, of a memorandum made by Mr. Harris relative to a telephone conversation which he testified that he had with Mr. McLarty, April 10, 1964, to the effect that defendant "will pay between 4/20-25 or will call." The objection that this was a self-serving memorandum made by the witness was overruled, and the memorandum was admitted on the ground that it was a part of the plaintiff's business records kept in the regular course of business.

While records of account made in the regular course of business, or shopkeeper's books of account, and certain other records are admissible under *Code Ann.* § 38-711, the statute does not go to the extent of rendering admissible self-serving memorandums of this kind. *Young v. Landers*, 31 Ga. App. 59 (119 SE 464). A contrary ruling would render admissible files of correspondence and all kinds of writings if made by one in connection with the operation of a business. Mr. Harris was in court and could testify to the facts, refreshing his memory from the memorandum if need be.

*Judgment reversed. Felton, C. J., and Hall, J., concur.*