### 25746. SABO v. FUTCH, Sheriff.

FELTON, Justice. 1. Testimony concerning information acquired solely through books and records kept by a third person is inadmissible, as hearsay. *Owsley & Son v. Woolhopter*, 14 Ga. 124 (3); *Knox Metal Products, Inc. v. Watson*, 100 Ga. App. 832, 834 (112 SE2d 295) and cit.; *Maryfield Plantation v. Harris Gin Co.*, 116 Ga. App. 744, 747 (159 SE2d 125) and cit.

2. Where, in a case in which the evidence on the main and controlling issue is close and conflicting, hearsay testimony is errroneously admitted as having probative value, and which could have been considered by the trior of fact and have influenced the verdict or judgment, the error is hurtful, entitling the defendant, against whom the verdict or judgment was rendered, to a new trial. *Central of Ga. R. Co. v. Ross*, 107 Ga. 73 (2) (32 SE 904); *First Nat. Bank of Sparta v. City of Sparta*, 154 Ga. 25 (3) (114 SE 221); *Knox Metal Products, Inc. v. Watson*, 100 Ga. App. 832, 835, supra.

3. Accordingly, in this habeas corpus case, where the main and controlling issue was whether or not the petitioner was in the State of Louisiana on the date of his alleged offense there, so as to be subject to extradition to that State, the evidence on this issue was close and conflicting, and the only direct evidence opposing the petitioner's testimony that he was not in Louisiana on said date was the vague, ambiguous and contradictory testimony of a witness whose credibility was attacked by evidence that her testimony might have been given for the purpose of obtaining leniency for her convicted husband in Louisiana, and where the trial judge, sitting as the trior of fact, permitted on cross examination, over petitioner's objection, the reading of an unidentified, unauthorized copy of an alleged Louisiana motel receipt showing petitioner's registration there on the date of the alleged violation, such testimony was hearsay and, notwithstanding the

fact that the copy itself was not introduced in evidence, the admission of such testimony was reversible error, since the fact that the judge allowed it to be read over valid objections indicates that it could have been considered by him and have influenced the judgment against the petitioner.

The trial court erred in its judgment admitting the hearsay testimony.

*Judgment reversed. All the Justices concur, except Undercofler, J., who dissents.*

ARGUED APRIL 13, 1970—DECIDED MAY 8, 1970.

*George T. Talley, Blackwell, Walker & Gay, W. L. Blackwell, Jr.,* for appellant.

*George A. Horkan, Jr., District Attorney,* for appellee.