26223. SABO v. FUTCH.

ARGUED DECEMBER 15, 1970—DECIDED JANUARY 21, 1971.

*George T. Talley, Blackwell, Walker & Gay, W. L. Blackwell, Jr.,* for appellant.

*George A. Horkan, Jr., District Attorney,* for appellee.

FELTON, Justice. For the decision on the first appearance of this case in this court see *Sabo v. Futch,* 226 Ga. 352 (175 SE2d 16).

On the second trial before the trial judge he denied the petition for habeas corpus and remanded the appellant to the appellee, from which judgment the appellant appeals. The only question in the case is whether the court properly admitted in evidence that part of the transcript of evidence on the first trial which contained the testimony of two witnesses who resided in Louisiana. The testimony of one showed that the appellant was the person named in the indictment and extradition papers and the testimony of the other witness was to the effect that appellant was in the State of Louisiana on the date he was charged by the grand jury in Louisiana with committing the felony, the basis of the extradition proceedings. The showing by the appellee as a basis for the introduction of the record of the testimony of the two witnesses was two letters from the Assistant District Attorney for the Fourth Judicial District of the State of Louisiana, as follows:

"Mr. George A. Horkan, Jr.
District Attorney
Southern Judicial Circuit
P. O. Box 682
Moultrie, Georgia 31768

Re: Extradition—James Sabo

Dear Mr. Horkan:

This will acknowledge your letter of July 28, 1970, advising that the extradition hearing in the above styled cause of action has been continued to August 7, 1970. I have conferred with Deputy Sheriff William O. Causey, concerning his appearance in your district at this hearing. Mr. Causey will be unable to attend the hearing at this time because of previous commitments involving criminal investigations of his office. It is my understanding that this will not drastically interfere with the presentation of the case for the State of Louisiana in this matter. Thanking you for your courtesy and assistance to the State of Louisiana in these proceedings, and with best regards, I am,

Very truly yours,

/s/ Gilbert T. Brown, Jr.

Asst. District Attorney

GTB/obm

cc: Deputy W. O. Causey
    Sheriff's Office
    Monroe, Louisiana 71201"

"Mr. Geo. A. Horkan, Jr.
District Attorney
P. O. Box 682
Moultrie, Georgia 31768

Re: Extradition—James Sabo

Reference your letter of June 25, 1970, we have interviewed Sharon K. George relative to reappearing in your court in connection with the extradition of James Sabo. Mrs. George is in advanced pregnancy and cannot make the trip at this time. She has moved from Monroe to an adjacent parish which caused this delay in advising you. I am writing you this information and will confirm by telephone prior to your receiving this letter. Thanking you, I am,

Very truly yours,

/s/ Gilbert T. Brown, Jr.
Asst. District Attorney"

The local district attorney stated in his place that the two letters he received from the Louisiana assistant district attorney were in response to letters by the former to the latter. There was no identification of the signatures to the letters and no evidence as to the truth of the statements made in the letters. The truth of the statements in the letters was not dependent on the veracity of the witnesses but the contents of the letters were hearsay, pure and simple. Furthermore, the statement of the fact of the inaccessibility of the Louisiana deputy sheriff was a conclusion in addition to being hearsay. The letters were not admissible under the business records provisions of the law. There was no evidence that the letters were records kept or made in the due course of business either by the district attorneys of Georgia or Louisiana. To make such correspondence admissible as business records, would go beyond the business record exception to the hearsay rule and would be productive of more harm than good.

"The language of the statute suggests that the writing must be made as a memorandum or record rather than for some other purpose. If this is true, letters frequently would not qualify as they are usually written for the purpose of communicating rather than recording information." Green, Georgia Law of Evidence, § 312, p. 616. The fact that letters were received in the regular course of business is not sufficient to identify the signatures of the person who purportedly signed the letters. *Lumpkin v. Provident Loan Society,* 15 Ga. App. 816, 817 (84 SE 216). See also *Maryfield Plantation v. Harris Gin Co.,* 116 Ga. App. 744 (159 SE2d 125); *Estill v. Citizens & Southern Bank,* 153 Ga. 618 (6a) (113 SE 552); *Standridge v. Standridge,* 224 Ga. 102 (160 SE2d 377); *Tanner v. State,* 213 Ga. 820, 823 (102 SE2d 176).

The court erred in admitting in evidence the two letters above quoted and in remanding the appellant to the appellee.

*Judgment reversed. All the Justices concur, except Undercofler, J., who dissents.*