## 51050. CONSOLIDATED ENGINEERING COMPANY OF GEORGIA, INC. v. U. I. R. CONTRACTORS, INC.

STOLZ, Judge.

This is an appeal from a judgment denying the

defendant's counterclaim for expenses allegedly incurred due to the plaintiff's faulty completion of a building subcontract. The trial court, sitting without a jury, found that the defendant had produced no evidence to support its counterclaim and therefore was not entitled to any recovery.

During the trial, the defendant offered oral testimony that it had sustained "probably a couple of thousand dollars" damages. When questioned by the judge for checks, receipts or better information, counsel for the defendant stated that he didn't have such information with him, but that the amount "would be close to $2,000." *Held:*

While consequential damages may be recovered upon one party's failure to satisfactorily perform his contractual obligations, they are not allowed unless capable of exact computation. Code Ann. § 20-1406. In the case sub judice, the defendant offered no receipts or vouchers to support its $2,000 counterclaim, even though it admittedly had the information. Where checks and vouchers are accessible, they are the best evidence of the expenses sought to be recovered, and parol testimony as to the approximate expenses incurred is inadmissible. Code Ann. §§ 38-203, 38-205. See also *Big Builder, Inc. v. Evans,* 126 Ga. App. 457 (2) (191 SE2d 290); *Development Corp. of Ga. v. Berndt,* 131 Ga. App. 277 (205 SE2d 868). Where more certain and satisfactory evidence is available to a party who instead produces evidence of a weaker and inferior nature, a presumption arises against him for withholding the evidence. Code Ann. § 38-119. This presumption applies equally to plaintiff and defendant. See *Fields v. Yellow Cab Co.,* 80 Ga. App. 569, 571 (56 SE2d 845). It is of no consequence that the plaintiff may have admitted that its work was less than satisfactory. In order to recover consequential damages on its counterclaim, the defendant had to produce an exact computation of expenses incurred, which it failed to do. On the record before us, we cannot say that it was error for the trial judge, in evaluating the evidence, to find that the presumption of withholding evidence had not been rebutted and that the defendant had failed to support its claim for damages.

*Judgment affirmed. Bell, C. J., Pannell, P. J., Deen, P. J., Quillian, Clark, Webb and Marshall, JJ., concur. Evans, J., dissents.*

Submitted September 9, 1975 — Decided December 4, 1975.

*John L. Respess, Jr.,* for appellant.
*Cotton, Katz & White, J. Timothy White,* for appellee.

Evans, Judge, dissenting.

Consolidated Engineering Company of Georgia, Inc. contracted with U. I. R. Contractors, Inc., for the construction of a building, and at the conclusion a difference arose between the parties as to whether the work had been properly done. U. I. R., as plaintiff, sued Consolidated, as defendant, for the amount alleged to be due under the contract, and Consolidated, as defendant, filed an answer and counterclaim, setting forth that the work had not been properly done and that it did not owe the entire amount sued for; that it was going to cost defendant a considerable amount of money to have the work properly done. Both parties agreed to try the case before the judge without a jury, and at the conclusion a judgment was rendered in plaintiff's favor for the balance alleged to be due by defendant, to wit, $5,000 principal, plus $495.72 interest. Defendant appealed to this court and the majority opinion affirms.

1. A reading of the transcript seems to leave it beyond question that repairs were needed when plaintiff finished the job, in order to make the building serviceable, including great leakage in the roof.

2. But the majority opinion proceeds on the theory that defendant sought to prove the amount of his damages by oral testimony, and did not bring canceled checks and vouchers to court. The majority opinion admits that where secondary evidence is offered *without objection* it has probative value, and cites *Knox Metal Products Inc. v. Watson,* 100 Ga. App. 832 (112 SE2d 295). There was no objection here to the defendant's oral testimony.

3. But the majority opinion urges that where the

case is a "bench trial" the judge may properly refuse to consider the evidence in support of a party's claim to damages (where the highest and best evidence is not introduced). Obviously, that statement means the trial judge *may* or he *may not* consider such secondary evidence. The trial judge made no ruling when this evidence was introduced and never suggested he would not consider it. This judgment (R. 21) on this point states: "Defendant has produced no evidence before this court to sustain its counterclaim in the amount of $2,000." It must be noted that the trial judge did not say that no "proper evidence," or that no "admissible evidence" had been introduced; or that he was refusing to consider the evidence introduced under his discretion so to do (if indeed he has any such discretion after having admitted the evidence without objection), but he simply stated that defendant "has produced no evidence." That was an erroneous statement because defendant had produced much evidence on this question of damages. And before we leave this point, the majority opinion points to no decision which gives the judge, sitting without a jury, any greater discretion in refusing to consider secondary evidence offered without objection, than a jury would have to refuse to consider such evidence. Once it is introduced without objection, both judge and jury must consider it, and his statement that defendant had produced no evidence to prove the $2,000 damages is simply erroneous and contra to the transcript in this case.

4. But to go one step further, there was ample *first-class documentary evidence* introduced to prove defendant's damages. The transcript at pages 112—120 shows various documents introduced as exhibits. We particularly call attention to the document on page 114 where Williams Bros. Roofing Co., Inc., on August 21, 1974, made a written proposal to repair or re-roof the freezer for $4,130. On page 115 a letter from Consolidated Engineering Company is shown asking the Charles W. Kester Company to send statement as to the amount Consolidated would owe because of repairs needed to be done by Kester "about the freezer" as it was anxious to get the matter finally settled. The next three pages show a continuance of correspondence between these parties as to

this work and finally at page 120 it is shown that the cooler roof is now leaking in four places, although repaired three times with no success and would not be satisfactory until roof was completely redone.

5. On the question of the majority opinion's statement that the damages must be proven with exactitude, and not left to conjecture, we refer to Code § 20-1409 which provides that in every case as to breach of contract, if one party does not show actual damages, he can recover *nominal damages*. At the very least, in this case, a judgment for nominal damages and costs should have been rendered in defendant's favor on its counterclaim.

6. Because of all of the foregoing, I respectfully dissent in this case, and would vote to reverse the judgment of the trial court in failing to award damages on defendant's counterclaim.