## 52604. AMERICAN SANITATION SERVICES, INC. v. EDM OF TEXAS, INC. et al.

STOLZ, Judge.

The appellant, American Sanitation, sued the appellee, EDM of Texas, for damages in tort and in contract caused by defective garbage collection vehicles manufactured by the appellee. The case was tried before a judge, without a jury. After the presentation of the appellant's evidence, the appellee moved to dismiss the case. The dismissal was granted, with findings of fact and conclusions of law being entered in favor of the appellee.

The garbage vehicles in question were manufactured by the appellee and sold to Heard Equipment Company.

Russ Bramblett purchased the machines from Heard. Then, Bramblett leased them to the appellant. The vehicles allegedly were poorly constructed and often out of service.

The judge's findings of fact included the following: "(6) American Sanitation Services, Inc., had no contract with EDM of Texas, Inc. . . (9) There is no privity of contract between EDM of Texas, Inc., and American Sanitation Services, Inc. . . (12) American Sanitation Services, Inc., has suffered no damage as a result of any acts done by EDM of Texas, Inc." The court's conclusions of law included a conclusion that no damages were sustained by the appellant due to any act or omission on the part of the appellee.

1. The appellant claims that the principal issue presented by this appeal is whether at trial it presented a case upon which relief could be granted. The appellant is mistaken, however. Under Code Ann. § 81A-141(b) (Ga. L. 1966, pp. 609, 643), the judge acted as trier of facts and handed down a decision on the merits of the case. Therefore, the "any evidence" rule should be used to see if there was support for the court's decision.

Concerning the appellant's claims in contract, the court found as a matter of fact that there was neither a contract nor privity of contract between the parties. Furthermore, it found that the appellant suffered no damage as a result of any acts of the appellee. There is some evidence to support the court's findings. See *Taylor v. Roberson,* 127 Ga. App. 23 (192 SE2d 383) (1972).

2. Nor can the appellant recover in tort. Not only is there some evidence to support the finding of fact that the appellant suffered no damages, but also Code Ann. § 105-106 (Ga. L. 1968, pp. 1166, 1167), upon which the appellant bases his action in tort, by its specified terms runs to the benefit of natural persons only. The appellant is a corporation and not a natural person.

3. The appellant contends that the court erred in failing to admit in evidence two letters between the parties which discussed problems with the vehicles. The court did not commit error, however. As a matter of law, the appellant could not recover in tort, and the letters were irrelevant to show any contractual liability.

Furthermore, the appellant attempted to enter the letters in evidence under Code Ann. § 38-711 (Ga. L. 1952, p. 177) as documents kept in the ordinary course of business. There was no proof that the letters were genuine, and, in fact, one was not even signed by the purported author. Code Ann. § 38-711 does not automatically render admissible "correspondence and all kinds of writings if made by one in connection with the operation of a business." *Maryfield Plantation v. Harris Gin Co.,* 116 Ga. App. 744, 747 (4) (159 SE2d 125) (1967). " 'The language of the statute suggests that the writing must be made as a memorandum or record rather than for some other purpose. If this is true, letters frequently would not qualify as they are usually written for the purpose of communicating rather than recording information.' Green, Georgia Law of Evidence, § 312, p. 616." *Sabo v. Futch,* 227 Ga. 216, 219 (179 SE2d 763) (1971). The two letters involved were communications — not memoranda or records. Therefore, they were properly barred from admission in evidence in the absence of authentication. Code § 38-701.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

Submitted September 21, 1976 — Decided September 28, 1976.

*Joe H. Bynum, Jr.,* for appellant.
*Hicks & Scroggins, John H. Hicks,* for appellee.