38368. WIGGINS v. THE STATE.

JORDAN, Chief Justice.

Wiggins' interlocutory appeal from the denial of his motion to suppress comes to this court because, during his prosecution for a highway speeding violation, he challenged the constitutionality of the provision of Code Ann. § 68-2101 (c)(2) which requires a county or municipal (but not a state) law enforcement officer to notify any person against whom he intends to make a speeding case based on evidence of speed obtained by the use of a radar speed detection device that the alleged violator has a right to request the county or municipal officer to test the device for accuracy.

1. Wiggins contends that the code section denied him due process and equal protection of the laws because it did not require the foregoing notification from the state patrolman who effected his arrest.

(a) The State's contention that the constitutional challenge is not presented "with fair precision" is without merit. *DeKalb County v. Post Properties, Inc.,* 245 Ga. 214, 218 (263 SE2d 905) (1980). We have held that a provision attacked was identified with requisite precision although reference was made to its section of the annotated code rather than to its official citation. *Stewart v. State,* 246 Ga. 70 (1) (268 SE2d 906) (1980); *Grantham v. State,* 244 Ga. 775 (262 SE2d 777) (1979).

We now hold that the statutory provision attacked is identified "with fair precision" where its substantive provisions are set forth with sufficient particularity to enable it to be found among and distinguished from other statutory provisions although neither its official nor its unofficial citation is set forth in the pleading raising the constitutional challenge.

(b) The state next contends that the constitutional challenge cannot be presented by way of a motion to suppress because the officer's use of the radar speed detection device was not a "search" and did not result in a "seizure" of "tangible evidence." Code Ann. § 27-313; *State v. Sanders,* 154 Ga. App. 305, 306 (4) (267 SE2d 906) (1980).

In *State v. Johnston,* 160 Ga. App. 71 (286 SE2d 47) (1981), the Court of Appeals held that considerations of judicial economy permit an accused to challenge the admissibility of the results of an intoximeter "breath test" either by way of a motion to suppress or by objection at the time the test results are offered as evidence.

Neither sort of evidence (breath test or radar use) fits neatly within traditional concepts pertaining to the search for and seizure of tangible items of proof. However, judicial economy sometimes can be served by challenges to the admissibility of evidence being presented by way of motions in limine rather than at the time of offer as evidence. We hold, therefore, that the admissibility of evidence gained by use of a radar speed detection device properly may be raised by motion in limine although the motion may be styled as, or in the form of, a motion to suppress, and that the trial court has discretion to hear the motion pre-trial or to reserve ruling on the admissibility of the evidence until it is offered as evidence during trial.

(c) We decide the merits of the constitutional challenge adversely to Wiggins by applying the "rational relationship"

standard of judicial scrutiny. *McDaniel v. Thomas,* 248 Ga. 632, 638-39, 646-48 (285 SE2d 156) (1981).

The classification drawn by Code Ann. § 68-2101 (c)(2) between county and municipal officers, who must offer to prove to suspected speeders the accuracy of their radar speed detectors, and state officers, who need not make such an offer, is rationally related to the legitimate governmental objective of preventing local law enforcement officers from using radar to operate local revenue producing "speed traps."

The General Assembly properly could consider the historic fact that some municipalities and counties in Georgia have abused and misused the speeding laws to produce local revenues whereas the Georgia State Patrol has not engaged in such practices because of the disciplinary controls exercised by the state over State Patrolmen. The classification is not impermissible. *Garren v. State,* 245 Ga. 323, 325 (264 SE2d 876) (1980).

2. (a) During the motion to suppress, Wiggins challenged certain of the state's proposed proof on the grounds that it was hearsay and that the documents were not authenticated.

In order to put these issues into context, we must ascertain the conditions which the General Assembly has imposed upon the admissibility of evidence of speed gained by a *state* law enforcement officer through use of a radar speed detection device. Evidence of speed obtained by a state officer by use of a radar speed detector is admissible if: (1) the device was "marketed under the name 'Vascar,' or [is] any similar device operating under the same or similar principle which is approved by the Department of Public Safety for the measurement of speed, including any devices for the measurement of speed or velocity based on the principle of radar," (2) the state law enforcement agency "possesses a license in compliance with the applicable parts of 47 CFR, Part 89 of the Federal Communications Commission rules," (3) the device "before being placed in service and annually after being placed in service, is certified for compliance by a technician possessing at least a Second Class Radiotelephone License from the Federal Communications Commission," (4) the device has passed tests "for accuracy" conducted "in accordance with the maufacturer's recommended procedure" by the officer or officers using the device, these tests having been conducted "at the beginning and ending of each duty tour" and the results of the tests having been recorded and maintained, and (5) the vehicle from which the device was being operated at the time of its use was "visible to approaching motorists for a distance of at least 500 feet." Code Ann. §§ 68-2101 (b)(c), 68-2103, and 68-2107. Failure of proof as to any one of those elements

results in the evidence of speed gained by use of the speed detection device being inadmissible.

(b) During the hearing on the motion to suppress, the state sought to prove approval of the device by the Department of Public Safety (part of requirement no. 1, supra) through the testimony of the arresting officer to the effect that, to the best of his knowledge, the device had been approved by the Department for use in Georgia. Wiggins contends that this evidence should have been excluded from the court's consideration on the ground that it is hearsay.

A proper objection would have been to the witness' lack of personal knowledge. McCormick on Evidence, 2d Ed., § 247. A hearsay objection would not have been appropriate unless the witness testified that someone told him so, or that he obtained his knowledge from records kept by someone else. *Sabo v. Futch,* 226 Ga. 352 (1) (175 SE2d 16) (1970); *Nichols v. State,* 133 Ga. App. 717 (213 SE2d 20) (1975); McCormick, supra. Compare, *Hall v. State,* 244 Ga. 86, 92, fn. 5 (259 SE2d 41) (1979), where the business record itself properly has been admitted into evidence and the witness is allowed to testify about the contents of the record.

The trial court did not err in considering the evidence, and in finding, based upon it, that the particular speed detection device had been approved by the Department of Public Safety.

(c) The state's exhibits numbers one through four properly were admitted in evidence. Exhibits one through three were certifications from the manufacturer that the radar device in question was tested for accuracy according to standards of the National Bureau of Standards before being shipped from the factory, and that two tuning forks bearing certain identification numbers will cause the radar device in question to signal, respectively, 35 mph and 65 mph. (This is part of requirement no. 3, supra.) Exhibit four was a copy of the license issued to the Department of Public Safety by the Federal Communications Commission for the operation of radar speed detectors. (Requirement No. 2, supra.)

The copies of these certifications properly were admitted in evidence although no accounting was made for the absence of the originals. Code Ann. § 38-710; *Smith v. Smith,* 224 Ga. 442 (1) (162 SE2d 379) (1968). Because the copies properly were admitted under the business records rule, Code Ann. § 38-711, they need not have been authenticated under Code Ann. § 38-310. *McLoon v. Amoco Oil Co.,* 155 Ga. App. 416 (2) (271 SE2d 4) (1980). The exhibits were admissible under the business records rule although the officer testifying did not have personal knowledge of the correctness of the record, did not make the entries himself, and the person who made the entries did not testify. *McLoon v. Amoco Oil Co.,* supra;

*Whittington v. State,* 155 Ga. App. 667 (2) (272 SE2d 532) (1980); *Welborn v. State,* 132 Ga. App. 207 (4) (207 SE2d 688) (1974).

Although it is obvious that these records of the Department of Public Safety are kept to be used in speeding cases in which radar speed determinations are to be introduced in evidence, we nonetheless hold that they are records "made in the regular course of . . . business" within the meaning of Code Ann. § 38-711 because the regular course of the "business" of the Department of Public Safety includes the keeping of records of departmental compliance with Code Ann. § 68-2101, et seq. Cf., *Stewart v. State,* 246 Ga. 70, 74 (268 SE2d 906) (1980).

Additionally, although three of these exhibits are writings which communicate certain technical information from the manufacturer of the speed detection device to the Department of Public Safety, their primary purpose is to serve as a memorandum of the accuracy of the equipment "before being placed in service," a part of requirement no. 3, supra. Cf., *American Sanitation Services v. EDM of Texas, Inc.,* 139 Ga. App. 662, 664 (229 SE2d 136) (1976), citing and following *Sabo v. Futch,* 227 Ga. 216, 219 (179 SE2d 763) (1971).

3. We note in passing that the state's proof on the motion to suppress fell *far* short of the proof required on trial of the issue. Evidence of speed gained by a state patrolman by use of a radar speed detection device is admissible *only* if the state introduces evidence establishing its compliance with *each* of the conditions of admissibility imposed upon such evidence by the General Assembly. In the usual circumstance, the business record rule should be an adequate vehicle for the introduction into evidence of those portions of the state's proof which are not within the personal knowledge of the arresting officer.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents as to Divisions 2 and 3 and the judgment.*

DECIDED APRIL 21, 1982.

*Henry C. Ross,* for appellant.
*Spencer Lawton, District Attorney, Michael J. Bowers, Attorney General,* for appellee.